UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------- x

TERREL HASKINS,

                                      Plaintiff,

                -against-

CITY OF NEW YORK, and JOHN and JANE DOE 1
through 10, individually and in their official capacities (the
names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                 Defendants

--------------------------------------------------------------------- x

**ANSWER TO FIRST
AMENDED COMPLAINT**

15-CV-02016 (MKB)(RML)

JURY TRIAL DEMANDED

       Defendant City of New York ("City"), by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for its answer to plaintiff's First Amended Complaint (the "Amended Complaint"), respectfully alleges, upon information and belief, as follows:

       1.     Admits that plaintiff purports to bring this action as stated therein and denies the remaining allegations set forth in paragraph 1 of the Amended Complaint.

       2.     Admits that plaintiff purports to bring this action as stated therein and denies the remaining allegations set forth in paragraph 2 of the Amended Complaint.

       3.     Admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein and denies the remaining allegations set forth in paragraph 3 of the Amended Complaint.

       4.     Admits that plaintiff purports to base venue as stated therein and denies the remaining allegations set forth in paragraph 4 of the Amended Complaint.

5.      Admits that plaintiff purports to invoke the jurisdiction of the Court as stated therein and denies the remaining allegations set forth in paragraph 5 of the Amended Complaint.

6.      Paragraph 6 of the Amended Complaint contains a jury demand rather than averments of fact therefore no response is required.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Amended Complaint.

8.      Admits that the City of New York is a municipal corporation organized under and by virtue of the laws of the State of New York, admits that the City of New York maintains a police department, respectfully refers the Court to the New York City Charter for a complete and accurate description of the relationship between the City of New York and the New York City Police Department, and denies knowledge or information sufficient to form a belief as to the truth of the allegations about the employment status of unidentified individuals.

9.      Admits that Captain Theodore Lauterborn, Sergeant Clifford Strong (Shield No. 4309), Detective Essence Jackson (Shield No. 2268), Detective Humberto Kibel (Shield No. 2547), and Detective Christopher Ottomanelli (Shield No. 4621) are police officers, detectives or supervisors employed by the NYPD and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 9 of the Amended Complaint.

10.     Admits that plaintiff purports to sue certain individuals in their individual and official capacities, admits that certain unserved individuals are employees of the City of New York, refers all questions of law to the Court, and denies the remaining allegations set forth in paragraph 10 of the Amended Complaint.

11.     Refers all questions of law to the Court and denies the remaining allegations set forth in paragraph 11 of the Amended Complaint.

12.     Admits that on February 14, 2015, at approximately 6:30 a.m., plaintiff Haskins was within 2940 West 31st Street, Brooklyn, New York, Apartment number 7G, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 12 of the Amended Complaint.

13.     Admits that plaintiff was sleeping on a couch and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 13 of the Amended Complaint.

14.     Admits that certain NYPD officers entered the residence with guns drawn and denies the remaining allegations set forth in paragraph 14 of the Amended Complaint.

15.     Admits the allegations set forth in paragraph 15 of the Amended Complaint.

16.     Admits that Dale Anderson, a resident of the apartment, told the officers that there were drugs in a closet in a common living space and denies the remaining allegations set forth in paragraph 16 of the Amended Complaint.

17.     Admits that Dale Anderson told officers that drugs were in a container in the closet and denies the remaining allegations set forth in paragraph 17 of the Amended Complaint.

18.     Denies the allegations set forth in paragraph 18 of the Amended Complaint.

19.     Admits that plaintiff was placed in handcuffs and taken to the precinct and denies the remaining allegations set forth in paragraph 19 of the Amended Complaint.

20.     Denies the allegations set forth in paragraph 20 of the Amended Complaint.

21.     Denies the allegations set forth in paragraph 21 of the Amended Complaint.

22.     Admits the allegations set forth in paragraph 22 of the Amended Complaint.

23.     Admits that plaintiff was arraigned in Kings County Criminal Court and denies the remaining allegations set forth in paragraph 23 of the Amended Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Amended Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Amended Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Amended Complaint.

27.     Denies the allegations set forth in paragraph 27 of the Amended Complaint.

28.     Defendant repeats and realleges the responses set forth in paragraphs 1-27 of the Amended Complaint, as if set forth fully herein.

29.     Denies the allegations set forth in paragraph 29 of the Amended Complaint.

30.     Denies the allegations set forth in paragraph 30 of the Amended Complaint.

31.     Defendant repeats and realleges the responses set forth in paragraphs 1-30 of the Amended Complaint, as if set forth fully herein.

32.     Denies the allegations set forth in paragraph 32 of the Amended Complaint.

33.     Denies the allegations set forth in paragraph 33 of the Amended Complaint.

34.     Defendant repeats and realleges the responses set forth in paragraphs 1-33 of the Amended Complaint, as if set forth fully herein.

35.     Denies the allegations set forth in paragraph 35 of the Amended Complaint.

36.     Denies the allegations set forth in paragraph 36 of the Amended Complaint.

37.     Defendant repeats and realleges the responses set forth in paragraphs 1-36 of the Amended Complaint, as if set forth fully herein.

38.     Denies the allegations set forth in paragraph 38 of the Amended Complaint.

39.     Denies the allegations set forth in paragraph 39 of the Amended Complaint.

40.     Denies the allegations set forth in paragraph 40 of the Amended Complaint.

41.     Denies the allegations set forth in paragraph 41 of the Amended Complaint.

42.     Defendant repeats and realleges the responses set forth in paragraphs 1-41 of the Amended Complaint, as if set forth fully herein.

43.     Denies the allegations set forth in paragraph 43 of the Amended Complaint.

44.     Denies the allegations set forth in paragraph 44 of the Amended Complaint.

45.     Denies the allegations set forth in paragraph 45 of the Amended Complaint.

46.     Defendant repeats and realleges the responses set forth in paragraphs 1-45 of the Amended Complaint, as if set forth fully herein.

47.     Denies the allegations set forth in paragraph 47 of the Amended Complaint.

48.     Denies the allegations set forth in paragraph 48 of the Amended Complaint.

49.     Denies the allegations set forth in paragraph 49 of the Amended Complaint.

50.     Denies the allegations set forth in paragraph 50 of the Amended Complaint.

51.     Denies the allegations set forth in paragraph 51 of the Amended Complaint.

52.     Denies the allegations set forth in paragraph 52 of the Amended Complaint.

53.     Denies the allegations set forth in paragraph 53 of the Amended Complaint.

54.     Denies the allegations set forth in paragraph 54 of the Amended Complaint, including all subparts, and respectfully refers the Court to the material cited in the subparts therein for an accurate reflection of the material cited therein.

55.     Denies the allegations set forth in paragraph 55 of the Amended Complaint, including all subparts, and respectfully refers the Court to the material cited in the subparts therein for an accurate reflection of the material cited therein.

56.     Denies the allegations set forth in paragraph 56 of the Amended Complaint, including all subparts, and respectfully refers the Court to the material cited in the subparts therein for an accurate reflection of the material cited therein.

57.     Paragraph 57 of the Amended Complaint is a sentence fragment to which no response is required.   To the extent that a response is required, defendant denies the allegations set forth in paragraph 57 of the Amended Complaint.

58.     Denies the allegations set forth in paragraph 58 of the Amended Complaint, and respectfully refers the Court to the material cited therein for an accurate reflection of the material cited therein.

59.     Denies the allegations set forth in paragraph 59 of the Amended Complaint, and respectfully refers the Court to the material cited therein for an accurate reflection of the material cited therein.

60.     Admits that the Office of the Special Prosecutor was abolished in 1990 and denies the remaining allegations set forth in paragraph 60 of the Amended Complaint.

61.     There is no paragraph 61 in the Amended Complaint, therefore no response is required.

62.     There is no paragraph 62 in the Amended Complaint, therefore no response is required.

63.     There is no paragraph 63 in the Amended Complaint, therefore no response is required.

64.     Denies the allegations set forth in paragraph 64 of the Amended Complaint, and respectfully refers the Court to the material cited therein for an accurate reflection of the material cited therein.

65.     Denies the allegations set forth in paragraph 65 of the Amended Complaint, and respectfully refers the Court to the material cited therein for an accurate reflection of the material cited therein.

66.     Denies the allegations set forth in paragraph 66 of the Amended Complaint, and respectfully refers the Court to the material cited therein for an accurate reflection of the material cited therein.

67.     Paragraph 67 of the Amended Complaint is a sentence fragment to which no response is required.   To the extent that a response is required, defendant denies the allegations set forth in paragraph 67 of the Amended Complaint.

68.     Denies the allegations set forth in paragraph 68 of the Amended Complaint.

69.     Denies the allegations set forth in paragraph 69 of the Amended Complaint, and respectfully refers the Court to the material cited therein for an accurate reflection of the material cited therein.

70.     Denies the allegations set forth in paragraph 70 of the Amended Complaint, and respectfully refers the Court to the material cited therein for an accurate reflection of the material cited therein.

71.     Denies the allegations set forth in paragraph 71 of the Amended Complaint, and respectfully refers the Court to the material cited therein for an accurate reflection of the material cited therein.

72.     Denies the allegations set forth in paragraph 72 of the Amended Complaint, and respectfully refers the Court to the material cited therein for an accurate reflection of the material cited therein.

73.     Denies the allegations set forth in paragraph 73 of the Amended Complaint.

74.     Denies the allegations set forth in paragraph 74 of the Amended Complaint.

75.     Denies the allegations set forth in paragraph 75 of the Amended Complaint.

76.     Denies the allegations set forth in paragraph 76 of the Amended Complaint.

77.     Denies the allegations set forth in paragraph 77 of the Amended Complaint.

78.     Denies the allegations set forth in paragraph 78 of the Amended Complaint.

79.     Denies the allegations set forth in paragraph 79 of the Amended Complaint.

80.     Denies the allegations set forth in paragraph 80 of the Amended Complaint.

81.     Denies the allegations set forth in paragraph 81 of the Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

82.     The Amended Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

83.     At all times relevant to the acts alleged in the Amended Complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

84.     Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

85.     Any injury alleged to have been sustained resulted from plaintiffs' own culpable and/or negligent conduct and was not the proximate result of any act of defendant City.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

86.     There was probable cause for plaintiff's arrest, detention, and prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

87.     Plaintiff's claims may be barred in whole or in part by his failure to comply with the provisions of the New York City General Municipal Laws.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

88.     Punitive damages cannot be assessed against the City of New York.

**WHEREFORE**, defendant requests judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:       New York, New York
              September 1, 2015

                                   ZACHARY W. CARTER
                                   Corporation Counsel of the City of New York
                                   *Attorneys for Defendant City*
                                   100 Church Street
                                   New York, New York 10007
                                   (212) 356-2671

                                   By:   _____

                                          Joanne M. McLaren
                                        Assistant Corporation Counsel

TO:     BY ECF
         Robert Marinelli, Esq.
         *Attorney for Plaintiff*
         305 Broadway, 9th Floor
         New York, NY  10007

Index No. 15-CV-02016 (MKB)(RML)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TERREL HASKINS,

Plaintiff,

-against-

THE CITY OF NEW YORK, ET AL.,

Defendants

## ANSWER TO THE AMENDED COMPLAINT ON BEHALF OF DEFENDANT CITY

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Joanne M. McLaren*
*Tel:  (212) 356-2671*
*NYCLIS No. 2015-022279*

*Due and timely service is hereby admitted.*

*New York, N.Y.............................................. , 2015*

*........................................................................ Esq.*

*Attorney for..............................................................*