

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

JOANNE M. McLAREN
*Assistant Corporation Counsel*
Phone: (212) 356-2671
Fax: (212) 356-3509
jmclaren@law.nyc.gov

October 21, 2016

**BY ECF**
Judge Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Terrel Haskins v. City of New York, et al.
      15-CV-02016 (MKB)(RML)

I am an Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York assigned to the defense of the above-referenced case on behalf of Defendants. Pursuant to Your Honor's Individual Rules, Defendants write to respectfully request that the Court schedule a pre-motion conference, at which Defendants will seek permission to move for summary judgment.[1]

### I. Factual Background

On multiple occasions in January and February 2015, a confidential informant and two undercover officers separately purchased cocaine from a man known as JD Dale (later revealed to be Dale Anderson) in and around 2940 West 31st Street, Brooklyn, New York, Apartment 7G. The lead detective procured a search warrant on February 10, 2015, allowing police to search 2940 West 31st Street, Apt. 7G, and the person of JD Dale. This search warrant was executed on February 14, 2015. When the warrant was executed, officers found Terrell Haskins sleeping on a couch in the living room, about 12-17 feet away from a hall closet in which the officers found a clear box containing 8 twists of cocaine, a large quantity of marijuana (97 bags) and packaging material. Dale Anderson ("Anderson") and Terrell Haskins ("Haskins") were arrested, and charged with criminal possession of controlled substances.

Anderson pled guilty to Criminal Sale of a Controlled Substance and received a sentence of one year imprisonment. The DA's office dismissed the case against Haskins after

---

[1] Defendants reserve the right to assert additional points in full briefing on the matter.

Haskins swore that the drugs recovered from the apartment were not his. Haskins then commenced this litigation, claiming that he was homeless, and did not reside in Apartment 7G, and that the drugs belonged solely to Anderson, and that these facts should have precluded his arrest. Haskins admits staying overnight at Apartment 7G on over 100 occasions as an adult. Moreover, he receives mail at that apartment and carries an ID card showing that address as his official address.

## II. Plaintiff's Claims

**Unlawful Search:** Plaintiff claims that he suffered an unlawful search of Apartment 7G. As here, a search conducted pursuant to a search warrant is presumptively constitutional, and "great deference" is accorded to the neutral magistrate's determination, in issuing the warrant, that probable cause existed to search the premises. Calderon v. City of New York, 14 Civ. 1082, 2015 U.S. Dist. LEXIS 58049, at *12, 14 (S.D.N.Y. May 4, 2015). Plaintiff can offer nothing to defeat the presumption that there was probable cause to search the apartment, so this claim must fail.

**False arrest:** The doctrine of constructive possession allows the police to find probable cause to arrest anyone in a dwelling when contraband is discovered in plain view and it reasonably appears that all members of the dwelling exercised dominion and control over the area in which the contraband is found. Takacs v. City of New York, 2011 U.S. Dist. LEXIS 7055, at *8 (S.D.N.Y. Jan. 24, 2011). Even where an individual present in the apartment at the time of a search did not live there regularly, officers are entitled "as persons of reasonable caution, to believe that persons sleeping in the apartment were residents of the apartment, and therefore, in constructive possession of the contraband found therein." Caraballo v. City of New York, 10-CV-1885, 2012 U.S. Dist. LEXIS 188902, at *6 (E.D.N.Y. June 26, 2012). The officers here certainly had reason to believe that Plaintiff did live in the apartment, given his extensive ties to the apartment, and his official identification showing that he lived there. Even if Haskins were only visiting, under the doctrine of constructive possession the officers had probable cause to arrest Plaintiff after they found large quantities of illegal drugs in a public area of the apartment just          feet away from where Plaintiff was sleeping. At the very least, officers would be entitled to qualified immunity under these circumstances.

**Malicious abuse of process:** To make out a §1983 claim for malicious abuse of process, a plaintiff must allege that the defendant "1) employ[ed] regularly issued legal process to compel performance or forbearance of some act, 2) with intent to do harm without excuse or justification, and 3) in order to obtain a collateral objective that is outside the legitimate ends of the process." Hardy v. City of New York, No. 12 Civ. 17, 2013 U.S. Dist. LEXIS 100665, at *9-10 (S.D.N.Y. July 9, 2013). Plaintiff claims here that the collateral objective the officers sought was to "cover up [the] assault of plaintiff" (presumably, the "assault" refers to the arrest itself, as Plaintiff admits that he was not physically hurt in any way in the arrest process). Because making an arrest is a legitimate use of process, this claim fails. See Crews v. County of Nassau, No. 06-CV-2610, 2007 U.S. Dist. LEXIS 94597 (E.D.N.Y. Dec. 27, 2007).

**Denial of Right to Fair Trial:** In order to prove a violation of the right to a fair trial, Plaintiff must show that: 1) Defendant, 2) fabricated evidence, 3) that was likely to influence a jury's decision, 4) forwarded that information to prosecutors, and 5) that the plaintiff

suffered a deprivation of liberty as a result. See Jovanovic v. City of New York, 486 Fed. Appx. 149, 152 (2d Cir. 2012). Here, Plaintiff himself admits all the crucial evidence which was forwarded to prosecutors. However, even if false statements were conveyed to the prosecutor, police reports and initial conversations with the DA's Office are hearsay, and simply not admissible evidence at any potential trial, and therefore cannot be the basis for a denial of a fair trial claim. See Jones v. City of New York, 12-cv-3658, (JG), 2013 U.S. Dist Lexis 162235, at *29 (E.D.N.Y. Nov. 14, 2013) (granting defendants' summary judgment motion on plaintiff's denial of a right to fair trial claim, stating: "a false statement . . . to an ADA that Jones was identified in a show-up would never even get to a jury – it would amount to inadmissible hearsay.") Plaintiff's claim fails.

**Failure to Intervene:** There can be no failure to intervene where there was no constitutional violation. See Feinberg v. City of New York, 2004 U.S. Dist. LEXIS 16098 (S.D.N.Y. Aug. 13, 2004) ("If the Court determines that the officer's conduct did not violate a constitutional right, however, the analysis ends.") (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)). Further, a failure to intervene claim cannot stand where there is no evidence demonstrating that an officer was aware of a fellow officer's unlawful behavior. See, e.g., Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994) (holding that an officer must observe or have reason to know that a citizen has been unjustifiably arrested). Here, given that it is uncontested that Plaintiff was found sleeping approximately 12-17 feet away from a stash of illegal drugs, in a closet accessible to him, he cannot show that there was any unconstitutional conduct in which any officer was required to intervene, or that any officer was aware of any such conduct.

**Municipal Liability:** "[T]o hold a city liable under §1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007). Here, as discussed above, there was probable cause for Plaintiff's arrest, therefore, lacking any underlying constitutional violation, Plaintiff's Monell claim fails right at the outset. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986). Even if Plaintiff could show that he had suffered a constitutional violation, however, he cannot show that it resulted from an official policy, custom or practice. "The Second Circuit has held that 'the mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference.'" Bradley v. City of New York, No. 08-CV-1106, 2009 U.S. Dist. LEXIS 51532, at *8-*9 (E.D.N.Y. June 18, 2009). Additionally, a plaintiff must establish a causal connection between the policy and the deprivation of his constitutional rights. See Vippolis v. Village of Haverstraw, 768 F.2d 40 (2d Cir. 1985). Plaintiff here was arrested because of his proximity to cocaine and marijuana, an arrest permitted by the law of constructive possession. He cannot demonstrate that the arrest was unconstitutional, or that any City policy was a moving force behind deprivation of his constitutional rights. Failing all Monell requirements, Plaintiff's claim cannot survive summary judgment.

Defendants thank the Court for its consideration of this request.

Respectfully submitted,

/s/

Joanne M. McLaren
Assistant Corporation Counsel

cc:   Robert Marinelli, Esq. (by ECF)