CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

1. Dale Anderson (M 48),
2. Terrell Haskins (M 31),

Defendants.

FELONY

ADA Erik Aho
212-815-0149

Detective Essence Jackson, Shield 2268 of the Narcotics Borough Brooklyn South, states as follows:

*The defendants are charged with:*

| | | |
|---|---|---|
| 1 | PL 220.16(1) | Criminal Possession of a Controlled Substance in the Third Degree (defendant #1: 1 count) (defendant #2: 1 count) |
| 2 | PL 220.39(1) | Criminal Sale of a Controlled Substance in the Third Degree (defendant #1: 3 counts) |
| 3 | PL 220.50(2) | Criminally Using Drug Paraphernalia in the Second Degree (defendant #1: 1 count) (defendant #2: 1 count) |
| 4 | PL 221.10(2) | Criminal Possession of marijuana in the Fifth Degree (defendant #1: 1 count) (defendant #2: 1 count) |

At the times and places described below in the County of Kings and State of New York, the defendants knowingly and unlawfully possessed a narcotic drug with intent to sell it; the defendant knowingly and unlawfully sold a narcotic drug; the defendants knowingly possessed and sold gelatin capsules, glassine envelopes, vials, capsules, and another material suitable for the packaging of individual quantities of narcotic drugs and stimulants under circumstances evincing an intent to use, and under circumstances evincing knowledge that some person intended to use, the same for the purpose of unlawfully manufacturing, packaging and dispensing of a narcotic drug and stimulant; the defendants knowingly and unlawfully possessed a substance containing marijuana and the preparations, compounds, mixtures and substances are an aggregate weight of more than twenty-five grams.

*The factual basis for these charges are as follows:*

DEF 00120

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

1. Dale Anderson (M 48),
2. Terrell Haskins (M 31),

Defendants.

FELONY

ADA Erik Aho
212-815-0149

1) I am informed by Undercover Police Officer # ▓▓▓ of Narcotics Borough Brooklyn South ("U/C ▓▓▓"), that on January ▓▓ 2015, at approximately ▓▓▓▓ in front of 2940 West 31 Street, Kings County, New York, Defendant DALE ANDERSON gave U/C ▓▓▓ a quantity of white powdery substance believed to be cocaine in exchange for a sum of U.S. currency.

I believe the substance is what it is alleged to be, namely cocaine, based upon: my professional training as a police officer in the identification of drugs, my prior experience as a police officer making drug arrests, an observation of the packaging, which is characteristic of this type of drug, and a field test of the substance which confirmed that the substance is in fact what it is alleged to be.

2) I am informed by Undercover Police Officer # ▓▓▓ of Narcotics Borough Brooklyn South ("U/C ▓▓▓"), that on January ▓▓ 2015, at approximately ▓▓▓▓ inside of 2940 West 31 Street, Kings County, New York, Defendant ANDERSON gave U/C ▓▓▓ a quantity of white powdery substance believed to be cocaine in exchange for a sum of U.S. currency.

I believe the substance is what it is alleged to be, namely cocaine, based upon: my professional training as a police officer in the identification of drugs, my prior experience as a police officer making drug arrests, an observation of the packaging, which is characteristic of this type of drug, and a field test of the substance which confirmed that the substance is in fact what it is alleged to be.

3) I am further informed by U/C ▓▓▓ that on January ▓▓ 2015, at approximately ▓▓▓▓ inside of 2940 West 31 Street, Kings County, New York, Defendant ANDERSON gave U/C ▓▓▓ a quantity of white powdery substance believed to be cocaine in exchange for a sum of U.S. currency.

I believe the substance is what it is alleged to be, namely cocaine, based upon: my professional training as a police officer in the identification of drugs, my prior experience as a police officer making drug arrests, an observation of the packaging, which is characteristic of this type of drug, and a field test of the substance which confirmed that the substance is in fact what it is alleged to be.

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

1. Dale Anderson (M 48),
2. Terrell Haskins (M 31),

Defendants.

FELONY

ADA Erik Aho
212-815-0149

4) On February 10, 2014, the Honorable Judge Nock issued a search warrant for 2940 West 31 Street, Apartment 7G, Kings County, New York, valid for ten (10) days from the date of issuance.

On February 14, 2015, at approximately 6:40 am, I executed the above search warrant at 2940 West 31 Street, Apartment 7G, Kings County, New York. When I entered Apartment 7G, I observed Defendants ANDERSON and TERRELL HASKINS lying on separate couches in the living room, which is the first room past the apartment's front door. No other persons were in the living room. I also observed an open closet that opened onto the living room, just to the right after entering the apartment.

I observed in Defendants ANDERSON and HASKINS' custody and control the following items:

A) Eight (8) plastic twists of a white powdery substance believed to be cocaine, recovered from inside a plastic container located in the open closet that opened onto the living room where Defendants ANDERSON and HASKINS were located.

I believe the substance is what it is alleged to be, namely cocaine, based upon: my professional training as a police officer in the identification of drugs, my prior experience as a police officer making drug arrests, an observation of the packaging, which is characteristic of this type of drug, and a field test of the substance which confirmed that the substance is in fact what it is alleged to be.

B) Ninety-seven (97) small ziplock bags containing a green leafy substance believed to be marijuana, recovered from inside a plastic container located in the open closet that opened onto the living room where Defendants ANDERSON and HASKINS were located.

I believe the substance is what it is alleged to be, namely marijuana, based upon: my professional training as a police officer in the identification of drugs, my prior experience as a police officer making drug arrests, an observation of the packaging, which is characteristic of this type of drug, and a field test of the substance which confirmed that the substance is

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

THE PEOPLE OF THE STATE OF NEW YORK

-against-

FELONY

1. Dale Anderson (M 48),
2. Terrell Haskins (M 31),

ADA Erik Aho
212-815-0149

Defendants.

in fact what it is alleged to be.

Furthermore, based upon my professional training as a police officer and my prior experience making drug arrests, I believe that the marijuana recovered has an aggregate weight in excess of twenty-five grams.

C) Two (2) clear plastic bags containing in excess of two hundred (200) smaller ziplock bags recovered from inside a plastic container located in the open closet that opened onto the living room where Defendants ANDERSON and HASKINS were located.

Based upon my professional training as a police officer, my experience making drug arrests and the large number of the items recovered, I know that the items were intended for use in the packaging and dispensing of cocaine.

False statements made in this written instrument are punishable as a class A misdemeanor pursuant to section 210.45 of the Penal Law, and as other crimes.

Detective Essence Jackson

Date 2/14/15   Time 1445

Feb 14 2015 02:45pm P001/004   Fax:

DEF 00123