UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

TERREL HASKINS,

                                        Plaintiff,

                -against-

CITY OF NEW YORK, Captain THEODORE           15-CV-2016 (MLB)(RML)
LAUTERBORN, Sgt. CLIFFORD STRONG, Shield
No. 4309, Detective ESSENCE JACKSON, Shield No.
2268, Detective HUMBERTO KIBEL, Shield No. 2547,
Detective CHRISTOPHER OTTOMANELLI, Shield
No. 4621, and JOHN and JANE DOE 1 through 10,
individually and in their official capacities (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                                        Defendants.

---------------------------------------------------------------- x

---

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

ROBERT MARINELLI, ESQ.
305 Broadway, Suite 1001
New York, New York 10007
(212) 822-1427

*Attorney for Plaintiff*

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................... 1

STATEMENT OF FACTS ................................................................................. 3

ARGUMENT ...................................................................................................... 3

   I.    STANDARD OF REVIEW ....................................................................... 3

   II.   DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON

   PLAINTIFF'S FALSE ARREST CLAIM ..................................................... 4

      A.   Defendants' Proffered Basis for Probable Cause is Misleading and Disputed ... 6

      B.   Defendants Cannot Establish Constructive Possession ...................................... 8

   III.   THE INDIVIDUAL DEFENDANTS ARE NOT ENTITLED TO QUALIFIED

   IMMUNITY BECAUSE THEIR ACTIONS WERE NOT OBJECTIVELY REASONABLE 14

   IV.   DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON

   PLAINTIFF'S CLAIM FOR DENIAL OF A RIGHT TO FAIR TRIAL ................................... 16

CONCLUSION .................................................................................................... 18

## TABLE OF AUTHORITIES

**Cases**

*Abreu v. Romero*, 2010 WL 4615879 (S.D.N.Y. Nov.9, 2010)..........................................8

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)...................................................4

*Bernard v. United States*, 25 F.3d 98 (2d Cir. 1994).......................................................5

*Brandon v. City of N.Y.*, 705 F. Supp. 2d 261 (S.D.N.Y. 2010) ...................................17

*Brinegar v. United States*, 338 U.S. 160 (1949) ..............................................................5

*Broughton v. State*, 37 N.Y.2d 451 (N.Y. 1975) ...............................................................5

*Cammick v. City of New York*, No. 96 Civ. 4374(RPP), 1998 WL 796452 (S.D.N.Y. Nov. 17, 1998) ...............................................................................................................12

*Caraballo v. City of N.Y.*, No. 10-CV-1885 (SJ) (RML), 2012 U.S. Dist. LEXIS 188902 (E.D.N.Y. June 21, 2012) ..........................................................................................13

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). ...............................................................4

*Cole v. City of N.Y.*, 2013 U.S. Dist. LEXIS 28530 (S.D.N.Y. Feb. 28, 2013)...............12

*Davis v. City of N.Y.*, 2007 U.S. Dist. LEXIS 10555, 2007 WL 755190 (E.D.N.Y. Feb. 15, 2007) ...................................................................................................................9

*Douglas v. City of New York*, 595 F. Supp. 2d 333 (S.D.N.Y. 2009)..............................4

*Douglas v. City of New York*, 595 F.Supp.2d 333 (S.D.N.Y.2009)................................17

*Gerstein v. Pugh*, 420 U.S. 103 (1975)...........................................................................16

*Golino v. City of New Haven*, 950 F.2d 864 (2d Cir. 1991) ...........................................14

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ...................................................................14

*Illinois v. Gates*, 462 U.S. 213 (1982) .............................................................................5

*Jenkins v. City of New York*, 478 F.3d 76 (2d Cir. 2007) .................................................3

*L.B. Foster Co. v. American Piles, Inc.*, 138 F.3d 81 (2d Cir. 1998) ...............................4

*Lennon v. Miller*, 66 F.3d 416 (2d Cir. 1995).................................................................15

*Lennon v. Miller*, 66 F.3d at 420-421 ............................................................................15

*Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208 (2d Cir. 2001) ......................4

*Mandell v. Cty of Suffolk*, 316 F.3d 368 (2d Cir. 2003)..................................................14

*Martinez v. Simonetti*, 202 F.3d 625 (2d Cir. 2000) .......................................................15

*McClellan v. Smith*, 439 F.3d 137 (2d Cir. 2005)...........................................................15

*Murphy v. Lynn*, 118 F.3d 938 (2d Cir. 1997), cert. denied, 140 L. Ed. 2d 114, 118 S. Ct. 1051 (1998)................................................................................................................5

*O'Neill v. Town of Babylon*, 986 F.2d 646 (2d Cir. 1993) .........................................5, 16

*Papineau v. Parmley*, 465 F3d 46 (2d Cir. 2006)...........................................................15

*Posr. V. Court Officer Shield #207*, 180 F.3d 409 (2d Cir. 1999) .................................... 16

*Ricciuti v. N.Y.C. Transit Authority*, 124 F.3d 123 (2d Cir. 1997) .................................... 16

*Richards v. City of New York*, No. 97 CIV. 7990 (MBM), 2003 U.S. Dist. LEXIS 8037, 2003 WL 21036365 (S.D.N.Y. May 7, 2003) ................................................... 5

*Singer v. Fulton Cty. Sherriff*, 63 F.3d 110 (2d Cir. 1995) .................................................. 5

*Takacs v. City of N.Y.*, 2011 WL 8771384 (S.D.N.Y. Jan.24, 2011) ................................. 8

*Taylor v. City of New York*, No. 03 CV 6477, 2006 WL 1699606 (S.D.N.Y. June 21, 2006) ................................................................................................................. 17

*United States v. Brown*, 3 F.3d 673 (3d Cir. 1993) .......................................................... 10

*United States v. Gordils*, 982 F.2d 64 (2d Cir. 1992) ....................................................... 11

*United States v. Heath*, 455 F.3d 52 (2d Cir. 2006) ......................................................... 13

*United States v. Holder*, 990 F.2d 1327 (1993) ............................................................... 12

*United States v. Jenkins*, 90 F.3d 814 (3d Cir. 1996) ...................................................... 10

*United States v. Ortiz*, 943 F.Supp.2d 447 (S.D.N.Y.2013) ............................................... 9

*United States v. Patrick*, 899 F.2d 169 (2d Cir.1990) ........................................................ 5

*United States v. Payton*, 159 F.3d 49 (2d Cir. 1998) ....................................................... 10

*United States v. Rios*, 856 F.2d 493 (2d Cir. 1988) ......................................................... 10

*United States v. Rodriguez*, 392 F.3d 539 (2d Cir. 2004) ........................................... 10, 11

*United States v. Samaria*, 239 F.3d 228 (2d Cir. 2001) ............................................. 10, 11

*United States v. Sepulveda*, 102 F.3d 1313 (1st Cir. 1996) .............................................. 11

*Weyant v. Okst*, 101 F.3d 845 (2d Cir. 1996) ............................................................. 5, 16

*Ybarra v. Illinois*, 444 U.S. 85 (1979) ............................................................................... 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------   x

TERREL HASKINS,

                              Plaintiff,

            -against-

CITY OF NEW YORK, Captain THEODORE          15-CV-2016 (MLB)(RML)
LAUTERBORN, Sgt. CLIFFORD STRONG, Shield
No. 4309, Detective ESSENCE JACKSON, Shield No.
2268, Detective HUMBERTO KIBEL, Shield No. 2547,
Detective CHRISTOPHER OTTOMANELLI, Shield
No. 4621, and JOHN and JANE DOE 1 through 10,
individually and in their official capacities (the names
John and Jane Doe being fictitious, as the true names are
presently unknown),

                              Defendants.

---------------------------------------------------------------   x

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

On February 14, 2015, plaintiff Terrel Haskins was an overnight guest in the apartment of his friend, located at 2940 West 31st Street, Apartment 7G ("Apartment 7G"), in Brooklyn, New York. Mr. Haskins brings this action against defendants, City of New York and members of the New York City Police Department. The claims arise from plaintiff's false arrest that occurred on February 14, 2015. Mr. Haskins was arrested despite the absence of any competent evidence that he had dominion and control over the contraband that was discovered secreted away inside the apartment, and the defendants falsely and maliciously told the District Attorney's Office that plaintiff had committed various crimes.

1

Defendants now move for summary judgment on all of plaintiff's claims. Plaintiff consents to the dismissal of his unlawful entry and search claim, malicious abuse of process claim, and claims against Captain Lauterborn. However, defendants' motion for summary judgment should be denied in all respects concerning plaintiff's claims of false arrest and denial of a right to fair trial.

The defendants have proffered no competent evidence to connect plaintiff with the contraband that was discovered secreted away inside of the apartment. Defendants' summary judgment motion should be denied because there are triable issues of material fact. The parties differ about the following issues: (1) whether Mr. Haskins exercised dominion and control over any of the recovered contraband and (2) whether the contraband recovered from the hallway closet was in plain view or in a place where Mr. Haskins could exercise any control or dominion over it.

Notwithstanding the wealth of case law and statutory law that requires an evidentiary showing that the persons arrested exercised dominion and control over the contraband, the defendants argue that plaintiff's mere presence in the apartment is sufficient to establish arguable probable cause. This argument is simply wrong: whether probable cause existed depends on the location of the contraband in relation to the plaintiff, whether the contraband was in plain view, and whether or not plaintiff exercised some degree of dominion or control over the contraband.

Without specific, competent evidence that plaintiff exercised dominion and control over the contraband, there was no basis for Mr. Haskins' arrest. In this case, the contraband was hidden from plain view in the hallway closet, which was a significant distance away from the living room where plaintiff had spent the night as a guest.

Because plaintiff was a guest in the apartment, and not a resident, there is no basis for claiming that he exercised dominion or control over Anderson's hallway closet and the hidden contraband.

Defendants rely solely on plaintiff's presence in the company of an individual suspected of criminal activity. However, the slight significance of this single factor is completely diminished by the surrounding circumstances in this case. Here, plaintiff was not the intended target of the search warrant. The warrant specifically targeted Dale Anderson ("Anderson"), who admitted to defendants that the drugs belonged to him and showed defendants were the drugs were hidden. Plaintiff's presence in Anderson's apartment, on its own, created no basis for probable cause.

Defendants' lack of probable cause was confirmed when all charges were dismissed on motion of the District Attorney's Office.

## STATEMENT OF FACTS

The facts of this case are set out, incorporated by reference herein, in the accompanying Plaintiff's Response to Defendants' Local Rule 56.1 Statement, the declaration of Robert Marinelli, and the documents annexed thereto, as well as those documents submitted by defendants.

## ARGUMENT

### I. STANDARD OF REVIEW

A district court may not grant summary judgment if a genuine issue of material fact exists. *Jenkins v. City of New York*, 478 F.3d 76, 89-91 (2d Cir. 2007). When considering a motion for summary judgment, "the court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must

draw all reasonable inferences in his favor. *L.B. Foster Co. v. American Piles, Inc.*, 138

F.3d 81, 87 (2d Cir. 1998). The moving party bears the burden of showing that no

genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"A fact is 'material' for these purposes if it 'might affect the outcome of the suit under

the governing law…' An issue of fact is 'genuine' if 'the evidence is such that a

reasonable jury could return a verdict for the nonmoving party.'" *Lovejoy-Wilson v.

NOCO Motor Fuel, Inc.*, 263 F.3d 208, 212 (2d Cir. 2001) (quoting *Anderson v. Liberty

Lobby, Inc.*, 477 U.S. 242, 248 (1986). Genuine issues of material fact exist with respect

to plaintiff's claims and the resulting liability of defendants.

Defendants' motion for summary judgment overlooks the "irreconcilable conflicts

between the parties' accounts of what happened" between February 14, 2015 and the

dismissal of the charges against plaintiff, and asks this Court to disregard well-settled law

which requires a jury to resolve factual disputes and make credibility determinations.

*Douglas v. City of New York*, 595 F. Supp. 2d 333, 337 (S.D.N.Y. 2009). Accordingly,

defendants' motion for summary judgment on plaintiff's false arrest and denial of a right

to a fair trial claims must be denied.

## II.   DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S FALSE ARREST CLAIM

The defendants' motion for summary judgment of plaintiff's claim for false arrest

rests on a profoundly misleading interpretation of both the law and the facts. More

precisely, the defendants suggest that this Court adopt a new bright-line, strict liability

standard, under which probable cause exists to arrest any and all occupants of an

apartment when contraband is found therein, regardless of where the contraband is

recovered from, the location of the individuals, and the absence of evidence connecting

the individual to the contraband. Such an extreme reading of the law is unsupported by the defendants' selective citations, much less the larger body of case law.

As a general matter, it is well-settled that the "existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest,' whether that action is brought under state law or under Section 1983." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (citing *Broughton v. State*, 37 N.Y.2d 451, 458 (N.Y. 1975)). Probable cause is established "when the arresting officer has knowledge or reasonable trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Singer v. Fulton Cty. Sherriff*, 63 F.3d 110, 118 (2d Cir 1995) (citing *O'Neill v. Town of Babylon*, 986 F.2d 646, 650 (2d Cir. 1993)).

If the determination of whether an arresting officer had probable cause requires the resolution of disputed facts, the existence of probable cause is to be decided by a jury. *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997), cert. denied, 140 L. Ed. 2d 114, 118 S. Ct. 1051 (1998); *Richards v. City of New York*, No. 97 CIV. 7990 (MBM), 2003 U.S. Dist. LEXIS 8037, 2003 WL 21036365, at *18 (S.D.N.Y. May 7, 2003).

A determination of whether probable cause to arrest exists depends on the "totality of the circumstances." *Bernard v. United States*, 25 F.3d 98,102 (2d Cir. 1994) (citing *Illinois v. Gates*, 462 U.S. 213, 230 (1982)); *United States v. Patrick*, 899 F.2d 169, 171 (2d Cir.1990) (citing *Brinegar v. United States*, 338 U.S. 160, 176 (1949)). Although a person's presence in the company of an individual suspected of criminal activity is considered in evaluating probable cause, this is but one factor in the analysis. Indeed, probable cause must exist for each person arrested, and "mere propinquity to

others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person." *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979) (emphasis added).

Here, there are numerous competing factors that negate any possibility of probable cause. As an initial matter, the target of the search warrant was Anderson, and plaintiff was not named or described in the warrant. Moreover, Anderson took responsibility for the contraband and directed defendants to the hallway closet where the contraband was hidden.

In order to establish probable cause, the defendants have to show that Mr. Haskins constructively possessed the contraband found hidden in that closet. The doctrine of constructive possession requires some showing of a nexus between the contraband and the person to be arrested such that the putative criminal defendant was able to exercise control and dominion over the contraband. Plaintiff had merely stayed in Anderson's living room as a guest on the night before the search. Given the distance of the hallway closet from the living room and the fact that the contraband therein was hidden from plain view, there is no evidence of constructive possession in this case. Accordingly, defendants' motion should be denied.

**A.  Defendants' Proffered Basis for Probable Cause is Misleading and Disputed**

Defendants argue that because plaintiff was a "resident" of Apartment 7G, and that because the contraband was found in plain view, probable cause existed to believe plaintiff constructively possessed the contraband. Each of these facts is disputed.

At the time of his arrest, plaintiff did not have a permanent address and often stayed at shelters and intermittently slept at the homes of friends or women he was dating. Plaintiff, on the date of the incident, asserts that he was a guest at the apartment.[1] However, defendants argue that "where Plaintiff was asleep in the apartment, and his access to the closet containing the drugs was unchecked, the police were entitled to believe that he was in fact a legitimate resident of the apartment" and that it was therefore "reasonable for officers to believe that he was, if not principally responsible for the drugs, at least in constructive possession of them." *See* Defendants' Memorandum of Law, p. 11. Defendants also stress that plaintiff had used the address for administrative purposes, such as receiving mail. Due to plaintiff's lack of a permanent domicile, he acknowledged that he would have mail sent to the apartment. However, he used multiple addresses for mail purposes.

Defendants claim that the contraband was found in "at eye-level at the front of a hall closet which Plaintiff would pass every time he went to the bathroom" and that "the supervising sergeant believed that certain of Plaintiff's clothes lay around the closet where the drugs were found." *See id.* at pp. 4, 16. Here, defendants' disputed account neither establishes that the contraband was found in plain view, nor that plaintiff had access to the closet or to the contraband located therein.

Plaintiff disputes that the contraband was recovered in the front of the closet and asserts that the closet was closed.  Haskins Dep., Ex. 1, at pp. 225-226.There was no evidence that the closet doors were open when the warrant was executed. Defendants testified that they did not remember whether the closet was open. Jackson Dep., Ex. 3, at

---

[1]     When defendants executed the search warrant, plaintiff was found sleeping on a couch in the living room.

p. 42. Plaintiff heard officers open the closet door when Anderson was taking defendants to the exact location of where he had hidden his contraband. Haskins Dep., Ex. 1, at pp. 225-226. Moreover, there is testimony from both parties that the contraband was contained in a cardboard box. Kibel Dep., Ex. 2, at p. 17; Haskins Dep., Ex. 1, at p. 157. Further, only one of the officers claimed that plaintiff's clothes were near the closet. The defendant did not offer any specific facts from which he justified his conclusion that the clothes around the closet belonged to plaintiff. In the absence of such facts, the sole defendant's testimony is self-serving and conclusory. Here, Plaintiff has put forth credible information to contradict defendants' assertions and thus, probable cause on this basis is clearly an issue for a jury to decide.

What defendants are left with is simply the presence of contraband that is discovered secreted away inside of an apartment where plaintiff was spending the night. Plaintiff neither exercised dominion or control over the area where the contraband was recovered, nor could he have because he was not a resident, nor was he aware of the presence of the contraband. Defendants' threadbare allegations do not demonstrate the existence of probable cause to arrest plaintiff.

### B. <u>Defendants Cannot Establish Constructive Possession</u>

"The doctrine of constructive possession allows the police to find probable cause to arrest anyone in a dwelling when contraband is discovered in ***plain view*** and it reasonably appears that all members of the dwelling exercised ***dominion and control*** over the area in which the contraband is found." *Takacs v. City of N.Y.*, 2011 WL 8771384, at *3 (S.D.N.Y. Jan.24, 2011) (emphasis added); *see also Abreu v. Romero*, 2010 WL 4615879, at *6 (S.D.N.Y. Nov.9, 2010) ("Where there is evidence that an

individual is in constructive possession of contraband, police officers have reasonably trustworthy information sufficient to believe the crime of possession is being committed and therefore have probable cause to arrest."), *aff'd*, 466 F. App'x 24 (2d Cir.2012).

Here, defendants cannot establish that the contraband was in plain view. Indeed, the contraband was in concealed from plain view in a cardboard box in the hallway closet. *See United States v. Ortiz*, 943 F.Supp.2d 447, 458 (S.D.N.Y.2013); *Davis v. City of N.Y.*, 2007 U.S. Dist. LEXIS 10555, at *30–31, 2007 WL 755190 (E.D.N.Y. Feb. 15, 2007).

In *Ortiz*, 943 F.Supp.2d at 458 (S.D.N.Y.2013), the court ruled that no probable cause to arrest existed when a firearm was found in a hallway closet that housed the possessions of another resident. Under these facts, "a reasonable officer could not have concluded that there was probable cause to arrest [the resident] for constructive possession of the gun." *Id. Ortiz* supports plaintiff's claim that no probable cause for his arrest existed. In fact, plaintiff's case is stronger, since he was not a resident of Anderson's apartment.

The *Davis* case is also instructive. There, members of the NYPD executed a search warrant in an apartment where various plaintiffs lived, including brothers James, Jesse, and Roosevelt Davis. According to the police, marijuana was recovered in plain view in the bedroom James and Jesse shared and bullets were recovered from a drawer in Roosevelt's bedroom. The plaintiffs, however, stated that the only marijuana in the house was in Roosevelt's pocket, which the police seized during the search. *Id.* at *6. The Court denied defendants' motion for summary judgment, finding that while there was no

dispute that marijuana was recovered in the apartment, a question of fact existed as to whether it was in plaint view in the bedroom, or on Roosevelt's person. *Id.* at *23.

More significantly, the Court also found that summary judgment was not appropriate with respect to the arrest of James and Jesse for the bullets recovered from Roosevelt's room. There, the Court held, the mere fact that they were in the same apartment as the bullets did not, without some evidence of their dominion and control over the bullets, establish constructive possession. *Id.* at 30-31 (citing *United States v. Jenkins*, 90 F.3d 814, 818 (3d Cir. 1996)) ("Dominion and control are not established, however, by mere presence on the property where it is located or mere association with the person who does control the drug or property.") (citation and quotations omitted); *see also United States v. Brown*, 3 F.3d 673, 681 (3d Cir. 1993) ("[W]hile the evidence may be sufficient to show that [the defendant] was residing at the [co-defendant's] home and that she knew that drugs were in the house, the evidence is not sufficient to support the finding that she exercised dominion and control over the drugs.").

The Second Circuit has confirmed the general rule that proximity and knowledge do not, without more, compel a finding of constructive possession. As the Court has held, "[t]o establish constructive possession, the government must demonstrate that [the defendant] had the power and intention to exercise dominion and control over the heroin." *United States v. Rodriguez*, 392 F.3d 539, 548 (2d Cir. 2004) (citing *United States v. Payton*, 159 F.3d 49, 56 (2d Cir. 1998)). Furthermore, "mere presence at the location of contraband does not establish possession." *United States v. Rios*, 856 F.2d 493, 496 (2d Cir. 1988)(per curium). And, in *United States v. Samaria*, 239 F.3d 228 (2d Cir. 2001), the Second Circuit held that the defendant who was a passenger in his own car

10

while it contained contraband was not in constructive possession of stolen goods because "there is no evidence that [the defendant] handled any of the boxes or directed where they were to be taken or what was done with them." *Id.* at 239. Thus "mere proximity or presence is therefore insufficient to support a finding of constructive possession." *Rodriguez*, 392 F.2d at 548 (citing *United States v. Gordils*, 982 F.2d 64, 71 (2d Cir. 1992)).

Notwithstanding the well-settled law on constructive possession and probable cause, defendants suggest that this Court ought to create a new rule, one that would hold that probable cause exists to arrest any and all individuals found in an apartment where contraband is located, regardless of whether there is evidence to suggest these individuals exercised dominion and control over that contraband. Such a rule would stand well-settled jurisprudence on its head.

The cases cited by defendants for this proposition are unavailing. For example, defendants assert that *United States v. Sepulveda*, 102 F.3d 1313, 1316 (1st Cir. 1996), supports their position. It doesn't.

In *Sepulveda*, the apartment subject to search was openly used for drug activity. The *Sepulveda* court described the apartment as unfurnished and partly boarded up. *Id.* "The numerous walk-up sales the police had observed confirmed that the apartment was being used for drug distribution and strongly suggested that everyone in the apartment knew of this activity . . . It is only a short step to suppose that those present in the otherwise vacant apartment were probably drug dealers or purchasers." *Id.* These damning facts are not present in the instant case, where the drugs were found in a cardboard box in the closet of a *functional* home and it was believed that only one

individual, the search warrant's target, Anderson, was selling drugs. This belief was buttressed when, at the time of plaintiff's arrest, Anderson took the officers to the location of the contraband and claimed full responsibility for their ownership.

Defendants' reliance on *Cole v. City of N.Y.*, 2013 U.S. Dist. LEXIS 28530, at *16 (S.D.N.Y. Feb. 28, 2013) is also misguided. In that matter, defendants recovered drugs from the basement. When police entered the basement, plaintiff began to run away and while he was escaping, he threw a plastic bag into the tiles of the ceiling. Unlike the circumstances in *Cole*, there is no evidence that ties plaintiff to the contraband hidden in the closet. Defendants attempt to link plaintiff to the contraband by citing to Strong's testimony that plaintiff's clothes were strewn in and around the closet. Plaintiff disputes this account, and no witnesses corroborate it, such that at best Defendants are citing to a genuine issue of fact that defeats summary judgment.

Finally, *Cammick v. City of New York*  relied on a state-law presumption that all occupants of a place where a machine-gun is found are in constructive possession of it, which is inapplicable here. No. 96 Civ. 4374(RPP), 1998 WL 796452, at *3 (S.D.N.Y. Nov. 17, 1998) (citing New York Penal Law § 265.15(1), which is inapplicable to illegal drugs).

The remaining cases cited by defendants involve contraband ***found in plain view***. These cases are inapposite, because, as discussed above, the contraband here was hidden inside of a box inside of a closed closet.

For example, in *United States v. Holder*, 990 F.2d 1327, 1327 (1993), defendants saw cocaine on the table in the dining area, approximately five feet from plaintiff. No other person was in the apartment. *Id.* The court held that the discovery of the drugs  "in

12

plain view" made it more likely than not that plaintiff was involved in the criminal activity. *Id.* at 1329. In *Caraballo v. City of N.Y.*, No. 10-CV-1885 (SJ) (RML), 2012 U.S. Dist. LEXIS 188902, at *2 (E.D.N.Y. June 21, 2012), defendants found marijuana plants in plain view on the terrace of plaintiffs' apartment, an open common area, not secreted in a closet.

Finally, defendants' reliance on *United States v. Heath*, 455 F.3d 52, 54 (2d Cir. 2006) is unsound. In *Heath*, plaintiff was arrested when officers discovered marijuana behind a dresser. The Second Circuit did not disturb the district court's determination that "the only evidence linking [plaintiff] to the marijuana was his proximity to that hidden contraband," and therefore, "the police lacked probable cause for his arrest." *Id.* at 55. Indeed, "the arresting officers knew only that [plaintiff] was in the same room as a small, concealed quantity of narcotics." *Id.* The court went on to explain that plaintiff could have been arrested under the theory of inevitable discovery, because defendants found loose dime bags of crack cocaine "in plain view on the landing of the stairwell, on the stairwell itself, and at the bottom of the stairwell." *Id.* at 55-56. Even though the marijuana was "behind a dresser, concealed from plain view," the cocaine was found lying in plain sight on the stairwell and on the landing. *Id.* at 54-56. In the instant case, the drugs were concealed from plain view in a cardboard box hidden in the hallway closet, rather than laying openly in a common area of the apartment. Further, the hallway closet was not in the same room as plaintiff, but was located 14 to 20 feet away. Haskins Dep., Ex. 1, at p. 57;179-179; Strong Dep., Ex. 4, at p. 46; Ex. 7 (diagram of Apartment 7G in which Strong indicated the location where the drugs were found). *Health* supports plaintiff's position, not defendants'.

Here, the record demonstrates that all of the contraband was recovered secreted away in the apartment. Defendants cannot establish plaintiff's exercise of dominion or control over the area where the contraband was recovered and thus the defendants had no basis to arrest plaintiff for constructive possession. For all these reasons, it is argued that the issue of probable cause should be brought before a jury to determine the reasonableness of defendants' actions.

## III.   THE INDIVIDUAL DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY BECAUSE THEIR ACTIONS WERE NOT OBJECTIVELY REASONABLE

No individual defendants are entitled to qualified immunity because no reasonable police officer could find the arrest of plaintiff objectively reasonable. Defendants found contraband hidden in a closet where plaintiff was not a resident, and not in a position to exercise any sort of dominion or control. The individual defendants' acts here take them outside of the doctrine that generally will shield police officers "from liability for civil damages insofar as their conduct does not violate clearly established or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Mandell v. Cty of Suffolk*, 316 F.3d 368, 385 (2d Cir. 2003) (A government actor may be shielded from liability for civil damages if "his conduct did not violate plaintiff's clearly established rights, or if it would have been objectively reasonable for the official to believe that his conduct did not violate plaintiff's rights.").

As the Second Circuit observed in 1991, "[t]he right not to be arrested or prosecuted without probable cause has, of course, long been a clearly established constitutional right." *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991). Thus, an arresting officer may be entitled to qualified immunity with respect to claims of

false arrest and malicious prosecution only, "if it was 'objectively reasonable' for him to believe that his actions were lawful at the time of the challenged act." *McClellan v. Smith*, 439 F.3d 137, 147 (2d Cir. 2005) (quoting *Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir. 1995)); *see also Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000). There is no question that the conduct here constitutes the type of police misconduct that cannot be shielded by qualified immunity.

The Second Circuit has articulated the following standard for determining motions for qualified immunity where the test is objective reasonableness:

> [I]f any reasonable trier of fact could find that the defendants' actions were objectively unreasonable, then the defendants are not entitled to summary judgment. An officer's actions are objectively unreasonable when no officer of reasonable competence could have made the same choice in similar circumstances.

*Lennon v. Miller*, 66 F.3d at 420-421; *see also Papineau v. Parmley*, 465 F3d 46, 59-60 (2d Cir. 2006).

The salient issue before this Court is whether it was objectively reasonable for the individual defendants to believe that they could arrest Mr. Haskins without violating his constitutional right not to be falsely arrested. The record before this Court is unequivocal: not only could a trier of fact conclude that the conduct was objectively unreasonable, such a conclusion is the only one that can be reached on the record before this Court. Accordingly, the individual defendants' motion for summary judgment based on qualified immunity should be denied, and the affirmative defense should be stricken altogether.

It is well settled that the elements of a federal constitutional claim for false arrest under 42 U.S.C. § 1983 are substantially the same as a state law false arrest claim.

*Weyant*, 101 F.3d at 852. In sum, in order to place a person under arrest, the arresting officer must be in possession of facts sufficient to warrant a prudent person to believe that the suspect had committed or was committing an offense. *Posr. V. Court Officer Shield #207*, 180 F.3d 409, 417 (2d Cir. 1999); *Ricciuti v. N.Y.C. Transit Authority*, 124 F.3d 123, 128 (2d Cir. 1997) (citing *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975)); *O'Neill v. Town of Babylon*, 986 F.2d 646, 650 (2d Cir. 1993).

In the case at bar, there is no question that recovered contraband was secreted away inside a closet. The defendants cannot point to any fact indicating that plaintiff exercised dominion or control over the location where the contraband was recovered. Under these circumstances, no reasonable officer could believe this to be acceptable conduct.

There is ample evidence demonstrating that the defendants arrested plaintiff solely because of his presence in the same apartment where contraband was recovered, notwithstanding years of case law establishing that such arrests were improper. Therefore, none of the individual defendants are entitled to qualified immunity, and defendants' motion should be denied as to this point.

## IV.  DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM FOR DENIAL OF A RIGHT TO FAIR TRIAL

A claim under § 1983 for violation of the right to a fair trial lies where a police officer "creates false information likely to influence a jury's decision and forwards that information to prosecutors." *Ricciuti*, 124 F.3d at 130. The violation of the "accused's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983." *Id.* This is precisely what defendant Jackson did here.

16

Jackson falsely told the District Attorney's Office that the contraband was recovered from inside a plastic container located in an open closet that opened onto the living room, in order to manufacture probable cause to arrest plaintiff. Ex. 6 (Criminal Court Complaint). As discussed above, plaintiff disputes that the closet doors were open, and Jackson later testified that he did not remember whether the closet was open. Jackson Dep., Ex. 3, at p. 42; Haskins Dep., Ex. 1, at pp. 225-226. Moreover, according to plaintiff and Kibel, the drugs were recovered in a cardboard, not a clear plastic box. Kibel Dep., Ex. 2, at p. 17; Haskins Dep., Ex. 1, at p. 157.

Because a question of fact exists as to whether defendants had probable cause to arrest plaintiff, defendants' motion for summary judgment dismissing plaintiff's fair trial claim is inappropriate. *See Douglas v. City of New York*, 595 F.Supp.2d 333, 347 (S.D.N.Y.2009) ("[A] reasonable jury could find defendants lacked probable cause to arrest plaintiff and forwarded false information to the Bronx district attorney, thereby violating plaintiff's constitutional right to a fair trial . . ."); *Taylor v. City of New York*, No. 03 CV 6477, 2006 WL 1699606, at *5 (S.D.N.Y. June 21, 2006) (denying motion for summary judgment on plaintiff's denial of a fair trial claim on the basis of discrepancies in the parties' testimonies as to how the bag of drugs that led to plaintiff's arrest ended up on the ground next to plaintiff); *Brandon v. City of N.Y.*, 705 F. Supp. 2d 261, 276 (S.D.N.Y. 2010).

**CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment should be

denied in all respects concerning plaintiff's claims of false arrest and denial of a right to

fair trial.

Dated:          February 17, 2017
                New York, New York


                                    _____/s_____
                                    ROBERT MARINELLI, ESQ.
                                    305 Broadway, Suite 1001
                                    New York, New York 10007
                                    (212) 822-1427