UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TERRELL HASKINS,

                              Plaintiff,                          **JOINT PRE-TRIAL ORDER**

      -against-

                                                     **15-CV-2016 (MKB)(RML)**

DETECTIVE ESSENCE JACKSON et al.

                              Defendants
------------------------------------------------------------------X

**I.**     **FULL CAPTION OF THE ACTION**

    Terrell Haskins v. Detective Essence Jackson, 15 CV 2016 (MKB)(RML)[1]

**II.**     **NAMES AND ADDRESSES OF TRIAL COUNSEL**

    Trial counsel for the parties are set forth below:

*For Plaintiff:*
Robert Marinelli, Esq.
Attorneys for Terrell Haskins
305 Broadway Suite 1001
New York, NY 10007
Tel: (212) 822-1427
Fax: (212) 202-9646

*For Defendant:*
Joanne M. McLaren
Office of the Corporation Counsel of the City of New York
100 Church Street
New York, NY 10007
Tel: (212) 356-2671
Fax: (212) 356-3509
jmclaren@law.nyc.gov

    *Additional trial counsel for Defendant will be assigned prior to trial.

**III.**     **JURISDICTION**

---

[1] By Order dated August 24, 2017, Defendants Captain Theodore Lauterborn, Sergeant Clifford Strong, Detective Humberto Kibel, Detective Christopher Ottomanelli and the City of New York

This Court has subject matter jurisdiction on the basis that the lawsuit presents a federal question, namely plaintiff's rights under 42 U.S.C. 1983, the Constitution and the 4th and 14th Amendments.

Defendant does not dispute the jurisdiction of this Court.

### IV. CLAIMS AND DEFENSES

a. Plaintiff's claims to be tried:

1. Pursuant to 42 U.S.C. § 1983, false arrest
2. Pursuant to 42 U.S.C. § 1983, fabrication of evidence.

b. Defendant's defenses to be tried are as follows:[2]

1. There was probable cause for Plaintiff's arrest, detention and prosecution.
2. Defendant Jackson did not violate any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor did he violate any Act of Congress providing for the protection of civil rights.
3. The conduct of defendant Jackson was objectively reasonable and, therefore, he is protected by the defense of qualified immunity.

### V. JURY OR WITHOUT JURY

Both parties demand a trial by jury. The parties estimate that this trial will take approximately 4-5 days to complete, including jury selection.

### VI. CONSENT TO TRIAL BY MAGISTRATE JUDGE

The parties do not consent to trial by a Magistrate Judge.

### VII. STIPULATIONS

None

---

[2] By Order dated August 24, 2017, Defendants' motion for summary judgment was granted dismissing with prejudice Plaintiff's claims for unlawful entry, malicious abuse of process, failure to intervene and municipal liability. Only Plaintiff's false arrest and fabrication of evidence claims remain, and those claims only remain as against Detective Jackson.

2

VIII. **WITNESSES**

**Plaintiff's Witnesses:**

1. Terrell Haskins; will testify about the incident;
2. Dale Anderson; will testify about the incident;
3. Jason Copeland will testify about the incident;
4. Anita Stokes will testify about the incident;
5. Fantasia Copeland will testify about the incident;
6. Rhiana Mayo will testify about the incident;
7. Charles Mayo will testify about the incident;
8. Carolyn Copeland; will testify about the incident;
9. Detective Essence Jackson will testify about the facts and circumstances of Plaintiff's arrest;
10. Captain Theodore Lauterborn; will testify about the facts and circumstances of Plaintiff's arrest;
11. Sergeant Clifford Strong will testify about the facts and circumstances of Plaintiff's arrest;
12. Police Officer Humberto Kibel, will testify about the facts and circumstances of Plaintiff's arrest;
13. Detective Christopher Ottomanelli will testify about the facts and circumstances of Plaintiff's arrest;[3]

**Defendant's Witnesses:**

1. Captain Theodore Lauterborn, Shield #00000, Narcotics Bureau Brooklyn South, 1 Police Plaza, Room 1100, New York, NY 10038 [facts and circumstances of Plaintiff's arrest];
2. Sergeant Clifford Strong, Shield #04309, Narcotics Bureau Brooklyn South, 1 Police Plaza, Room 1100, New York, NY 10038 [facts and circumstances of Plaintiff's arrest];
3. Detective Essence Jackson, Shield #02268, Narcotics Bureau Brooklyn South, 1 Police Plaza, Room 1100, New York, NY 10038 [facts and circumstances of Plaintiff's arrest];
4. Detective Humberto Kibel, Shield #02547, Narcotics Bureau Brooklyn South, 1 Police Plaza, Room 1100, New York, NY 10038 [facts and circumstances of Plaintiff's arrest];
5. Detective Christopher Ottomanelli, Shield #04621, Narcotics Bureau Brooklyn South, 1 Police Plaza, Room 1100, New York, NY 10038 [facts and circumstances of Plaintiff's arrest];
6. Defendant reserves the right to call Plaintiff's witnesses in his case in chief.

---

[3] Defendant objects to the calling of these witnesses to the extent that the testimony is cumulative and not relevant.

### IX. DEPOSITION TESTIMONY

**Plaintiff (case in chief):**

Plaintiff does not intend to designate testimony in their case in chief, but reserve their right to use these materials if any witness becomes unavailable and for impeachment purposes. Plaintiff objects to the use of deposition testimony to the extent that there has been no showing that a witness is unavailable to testify in person.

**Defendant:**

Defendant does not intend to use any deposition testimony in his case in chief, but reserves his right to use deposition testimony in any manner authorized by the Federal Rules of Evidence and the Federal Rules of Civil Procedure, including, but not limited to, for impeachment purposes. Defendant objects to the use of deposition testimony in lieu of live testimony from witnesses in the absence of a showing that the witness is unavailable as defined by Rule 804 of the Federal Rules of Evidence.

### X. EXHIBITS

**Plaintiff's Exhibits**

| Exhibit No. | Bates No. | Doc Name/Type | Objections |
|---|---|---|---|
| 1 | DEF 1-2, 86-87 | Search Warrant | As an initial matter, Defendant notes that the document bearing Bates numbers DEF 1-2 and 86-87 is a search warrant, rather than a search warrant application.<br><br>Defendant objects pursuant to Rule 402 (relevance), 403 (confusion of issues, prejudice, waste of time), 802 (hearsay). |
| 2 | DEF 3 | Search Warrant Pre-Execution Plan | Defendant objects pursuant to Rule 402 (relevance), 403 (confusion, prejudice, waste of time), 802 (hearsay). |
| 3 | DEF 4-6, 90-98 | Omniform System – Arrests (7/3/2015) | Defendant has no objection to the introduction of DEF 4-6 and DEF 92-93 at trial if offered through a proper |

4

| | | | |
|---|---|---|---|
| | | | witness, with a proper foundation, and for a proper purpose.<br><br>Defendant objects to the other multiple separate documents pursuant to Rule 402 (relevance), 403 (confusion of issues, prejudice), 802 (hearsay); 901 (authenticity). |
| 4 | DEF 9 | Online Prisoner Activity (OLPA) | Defendant objects pursuant to Rule 402 (relevance), 403 (confusion of issues), 802 (hearsay). |
| 5 | DEF 56-58, 68-70, 75, 79, 82, 84 | Complaint Follow Up Informational | Defendant objects pursuant to Rule 402 (relevance), 403 (confusion of issues, prejudice, waste of time, confusion of issues), 802 (hearsay). |
| 6 | DEF 113 | Prisoner Property Receipt | Defendant has no objection to the introduction of this exhibit at trial if offered through a proper witness, with a proper foundation, and for a proper purpose. |
| 7 | DEF 116-123 | Criminal Court Complaint | Defendant objects pursuant to Rule 402 (relevance), 403 (confusion of issues), 802 (hearsay). |
| 8 | DEF 124-127 | Plaintiff's Notice of Intention to testify before the Grand Jury | Defendant objects that certain of these separate documents pertain to Dale Anderson, who is not a plaintiff in this action.<br><br>As to all of the documents included in Bates numbers DEF 124-127, Defendant objects pursuant to Rule 402 (relevance), 403 (confusion of issues), 802 (hearsay). |
| 9 | DEF 128 | People's Notice of Intention to present case to the Grand Jury | Defendant objects pursuant to Rule 402 (relevance), 403 |

| | | | |
|---|---|---|---|
| | | | (confusion, waste of time), 802 (hearsay); 901 (authenticity). |
| 10 | DEF 129-131 | Dale Anderson Supreme Court Information and Waiver of Right to Appeal | Defendant objects that these separate documents pertain to Dale Anderson, who is not a plaintiff in this action.<br><br>As to all of the documents included in Bates numbers DEF 129-131, Defendant objects pursuant to Rule 402 (relevance), 403 (confusion of issues, waste of time), 802 (hearsay); 901 (authenticity). |
| 11 | | Floorplan of Apartment 7G, 2940 West 31st Street, Brooklyn, N.Y. | Defendant objects to the extent that, in the absence of a Bates number, it is not clear what document or version thereof Plaintiff refers to. Defendant reserves the right to raise further objections once Plaintiff identifies the document to which he refers. Defendant also objects pursuant to Rule 901 (authenticity). |

**Defendants' Exhibits**[4]

| Exhibit Letter | Bates No. | Doc Name/Type | Objections |
|---|---|---|---|
| A | DEF 4 - DEF 6; DEF 7 - DEF 8 | Omniform Arrest Report | |
| B | DEF 11 | Field Test Report | Plaintiff objects pursuant to Rule 402 (relevance), 403 (confusion of issues, prejudice, waste of time), |

---

[4] Defendant reserves the right to supplement this exhibit list based on any *in limine* rulings or to rebut evidence adduced in Plaintiff's case-in-chief or for impeachment purposes or for good cause. Defendant further reserves the right to use and/or introduce into evidence any exhibits listed by Plaintiff herein. A listing of an exhibit is not an admission that the exhibit is admissible if offered by Plaintiff. Defendant reserves the right to offer certain exhibits in redacted form.

| Exhibit Letter | Bates No. | Doc Name/Type | Objections |
|---|---|---|---|
| | | | 802 (hearsay) |
| C | DEF 20 - DEF 21 | Relevant 60th Precinct Command Log entries from February 14, 2015 | Plaintiff objects pursuant to Rule 402 (relevance), 403 (confusion of issues, prejudice, waste of time), 802 (hearsay) |
| D | DEF 103 - DEF 104 | Property Clerk Invoice | Plaintiff objects pursuant to Rule 402 (relevance), 403 (confusion of issues, prejudice, waste of time), 802 (hearsay) |
| D1 | | Evidence recovered and vouchered under invoice marked as DEF 103-104 | Plaintiff objects pursuant to Rule 402 (relevance), 403 (confusion of issues, prejudice, waste of time), defendant failed to produce photos, or provide plaintiff with an opportunity to inspect, during discovery. |
| E | DEF 105 - DEF 106 | Property Clerk Invoice | Plaintiff objects pursuant to Rule 402 (relevance), 403 (confusion of issues, prejudice, waste of time), 802 (hearsay) |
| E1 | | Evidence recovered and vouchered under invoice marked as DEF 105-106 | Plaintiff objects pursuant to Rule 402 (relevance), 403 (confusion of issues, prejudice, waste of time), defendant failed to produce photos, or provide plaintiff with an opportunity to inspect, during discovery. |
| F | DEF 107 | Marijuana Field Test Report | Plaintiff objects pursuant to Rule 402 (relevance), 403 (confusion of issues, prejudice, waste of time), 802 (hearsay) |
| G | DEF 108 | Field Test Report (Cocaine) | Plaintiff objects pursuant to Rule 402 (relevance), 403 (confusion of issues, prejudice, waste of time), 802 (hearsay) |
| H | DEF 109 | New York City Police Department Police Laboratory Controlled Substance Analysis | Plaintiff objects pursuant to Rule 402 (relevance), 403 |

7

| Exhibit Letter | Bates No. | Doc Name/Type | Objections |
|---|---|---|---|
| | | Section Laboratory Report | (confusion of issues, prejudice, waste of time), 802 (hearsay) |
| I | DEF 110 - DEF 111 | New York City Police Department Police Laboratory Controlled Substance Analysis Section Laboratory Report | Plaintiff objects pursuant to Rule 402 (relevance), 403 (confusion of issues, prejudice, waste of time), 802 (hearsay) |
| J | DEF 113 | Prisoner Property Receipt | Plaintiff objects pursuant to Rule 402 (relevance), 403 (confusion of issues, prejudice, waste of time), 802 (hearsay) |
| K | Marked as Exhibit E at Plaintiff's Deposition on June 20, 2016 | Identification Card, Certificate 87439436, issued by NYC Fire Department to Terrel S. Haskins | Plaintiff objects pursuant to Rule 402 (relevance), 403 (confusion of issues, prejudice, waste of time), 802 (hearsay) |
| L | DEF 170 | Accurint Report | Plaintiff objects pursuant to Rule 402 (relevance), 403 (confusion of issues, prejudice, waste of time), 802 (hearsay), Not produced until October 4, 2017, almost a year after the close of discovery. |
| M | DEF 172 | Prisoner Property List | Plaintiff objects pursuant to Rule 402 (relevance), 403 (confusion of issues, prejudice, waste of time), 802 (hearsay), not produced until October 4, 2017, almost a year after the close of discovery. |
| N | | Complaint, filed on April 15, 2015 | Plaintiff objects pursuant to Rule 402 (relevance), 403 (confusion of issues, prejudice, waste of time), 802 (hearsay) |
| O | | Amended Complaint, dated August 18, 2015 | Plaintiff objects pursuant to Rule 402 (relevance), 403 (confusion of issues, prejudice, waste of time), 802 (hearsay) |

| Exhibit Letter | Bates No. | Doc Name/Type | Objections |
|---|---|---|---|
| P | | Transcript of deposition of Plaintiff, taken on February, 17 2016. | 403 (confusion of issues, prejudice, waste of time), 802 (hearsay) |
| Q | | Transcript of deposition of Plaintiff, taken on June 20, 2016 | 403 (confusion of issues, prejudice, waste of time), 802 (hearsay) |
| R | | Plaintiff's rap sheet[5] | Plaintiff objects pursuant to Rule 402 (relevance), 403 (confusion of issues, prejudice, waste of time), 802 (hearsay) |
| S | Marked as Exhibit B at Plaintiff's Deposition on June 20, 2016 | Floorplan of apartment where Plaintiff was arrested on February 14, 2015 | |
| T | DEF 173-DEF 175 | Plaintiff's arrest report dated June 10, 2004 | Plaintiff objects pursuant to Rule 402 (relevance), 403 (confusion of issues, prejudice, waste of time), 802 (hearsay); Document was not produced until October 30, 2017, over a year after the close of discovery |
| U | DEF 179-DEF 181 | Plaintiff's arrest report dated January 22, 2008 | Plaintiff objects pursuant to Rule 402 (relevance), 403 (confusion of issues, prejudice, waste of time), 802 (hearsay); Document was not produced until October 30, 2017, over a year after the close of discovery |
| V | DEF 182-DEF 184 | Plaintiff's arrest report dated January 28, 2008 | Plaintiff objects pursuant to Rule 402 (relevance), 403 (confusion of issues, prejudice, waste of time), 802 (hearsay); Document was not produced until October 30, 2017, over a |

---

[5] Defendant has not yet received a copy of Plaintiff's rap sheet, but reserves the right to use it if he does receive it.

| Exhibit Letter | Bates No. | Doc Name/Type | Objections |
|---|---|---|---|
| | | | year after the close of discovery |
| W | DEF 197-DEF 189 | Plaintiff's arrest report dated February 23, 2012 | Plaintiff objects pursuant to Rule 402 (relevance), 403 (confusion of issues, prejudice, waste of time), 802 (hearsay); Document was not produced until October 30, 2017, over a year after the close of discovery |
| X | Marked as Exhibit C at Plaintiff's Deposition on June 20, 2016; DEF 200-DEF 202 | Plaintiff's arrest report dated November 29, 2013 | Plaintiff objects pursuant to Rule 402 (relevance), 403 (confusion of issues, prejudice, waste of time), 802 (hearsay); Document was not produced until October 30, 2017, over a year after the close of discovery |

Dated: New York, New York
December 1, 2017

_____/S/_____                    _____
Robert Marinelli, Esq.                             Joanne M. McLaren, Esq.
Attorney for Plaintiff                             Assistant Corporation Counsel
                                                   Attorney for Defendant

SO ORDERED.

_____

HON. Margo K. Brodie, U.S.D.J.