UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------- x

TERELL HASKINS,

                                        Plaintiff,

                  -against-

DET. ESSENCE JACKSON,

                                    Defendant.

-------------------------------------------------------------------------- x

**DEFENDANT'S PROPOSED
JURY CHARGE**

15-CV-02016 (MKB)(RML)

Defendant Essence Jackson,[1] by his attorney, GEORGIA M. PESTANA, Acting

Corporation Counsel of the City of New York, in accordance with the rules of this Court and the

Local Civil Rules of the United States District Court for the Eastern District of New York and

pursuant to Rule 51 of the Federal Rules of Civil Procedure, sets forth the following as his

proposed Jury Instructions.[2]

**GENERAL INSTRUCTIONS[3]**

       Members of the jury, you have heard the evidence in this case. I will now instruct

you as to the law that you must apply. It is your duty to follow the law as I give it to you and

---

[1]  The remaining defendants were dismissed from this action pursuant to the Court's Memorandum and Order dated August 24, 2017. *See* ECF Docket Entry 39.

[2] The Defendant reserves the right to include additional substantive jury charges, if necessary, at the time of trial based upon the course of the proceedings.

[3] The Defendant respectfully notes that in addition to substantive instruction charges for the jury, he has also, in an abundance of caution, submitted general instruction charges while being mindful that the Court may have its own preliminary and general instructions for use at trial.

apply the law to the facts as you determine them.  You should not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

First, I will give you some general instructions which apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

The fact that a person has brought a lawsuit and is in court seeking damages creates no inference or presumption that such person is entitled to a judgment for any amount at all.  Anyone may make a claim, and the fact of making the claim by itself in no way tends to establish it.

### Role of the Jury

As I have said, the members of the jury are the sole and exclusive judges of the facts.  In determining the facts, you must rely upon your own recollection of the evidence.  What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is not evidence.  Nor is anything I may have said during the trial or may say during these instructions evidence.  It is your own independent recollection of the evidence that controls.  Similarly, remember that a question put to a witness is never evidence.  Only the answer is evidence.  However, you may not consider any answer that I directed you to disregard.

Because you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not indicative of my views of what your decision should be as to whether the

Plaintiff or the Defendant has presented the more convincing evidence.

I also ask you to draw no inference from the fact that upon occasion I may have asked questions of certain witnesses. These questions were intended only for clarification or to move things along. They were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible or less credible than any of the other witnesses. It is important that you understand that I wish to convey no opinion as to the verdict you should render in this case, and that if I did convey such an opinion, you would not be obliged in any way to follow it.

In determining the facts, you must weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against any party.

## Burden of Proof

As this is a civil case, the Plaintiff has the burden of proving his claim by a preponderance of the evidence. This means that the Plaintiff must prove by a preponderance of the evidence each and every disputed element of his claims with respect to the Defendant and the damages resulting therefrom. If you find that the Plaintiff has failed to establish a claim by a preponderance of the evidence, you must decide against him on that claim.

Establishing a fact by a preponderance of the evidence means proving that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence. It does not mean the greater number of witnesses or the greater length of time taken by either side. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have

produced them.

If, after considering all the testimony, you are satisfied that the side bearing the burden of proof has carried the burden on each essential point as to which it has the burden of proof, then you must find in that side's favor on that issue. If after such consideration you find that the credible evidence on a given issue is evenly divided between the parties -- that it is equally probable that one side is right as that the other side is right -- or that the evidence produced by the Plaintiff is outweighed by evidence against his claim, then you must decide that issue against the Plaintiff. That is because the side bearing the burden of proof must prove more than simple equality of evidence; that side must prove each element of the claim by a preponderance of the evidence.

Some of you have heard of proof "beyond a reasonable doubt," which is the proper standard of proof for a *criminal* trial. However, a plaintiff in a *civil* case does not have to satisfy that requirement, and therefore you should put it out of your mind.

Finally, with respect to any element as to which a defendant bears the burden of proof, such as an affirmative defense, that defendant must establish that element by a preponderance of the evidence, as I have defined the phrase above.

### Direct and Circumstantial Evidence

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally experienced through his own senses -- something seen, felt, touched, heard, or tasted. Direct evidence may also be in the form of an exhibit where the fact to be proven is its present existence or condition. Circumstantial evidence is evidence that tends to prove a disputed fact by proof of

other facts.

To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but that the courtroom blinds were drawn and you could not look outside. Then later, as you were sitting here, people began walking in with wet umbrellas and, soon after, others walked in with wet raincoats.

Now, on our assumed facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, on the combination of the facts about the umbrellas and the raincoats, it would be reasonable for you to conclude that it had begun raining.

That is all there is to circumstantial evidence. Using your reason and experience, you infer from established facts the existence or the nonexistence of some other fact.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence and you can consider either or both, and can give them such weight as you conclude is warranted.

## Inferences

During the trial you may have heard the attorneys use the term "inference," and in their arguments they may have asked you to infer, on the basis of your reason, experience, and common sense, from one or more proven facts, the existence of some other facts.

An inference is not a suspicion or a guess. It is a logical conclusion that a disputed fact exists that we reach in light of another fact that has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. It is for you, and you alone, to decide what

inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted to draw -- but not required to draw -- from the facts that have been established by either direct or circumstantial evidence. In drawing inferences you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

Keep in mind that the mere existence of an inference against the Defendant does not relieve the Plaintiff of the burden of establishing his case by a preponderance of the evidence. In order for the Plaintiff to obtain a verdict in his favor, you must still believe from the credible evidence that the Plaintiff has sustained the burden cast upon him.

## Credibility of Witnesses

You have listened to the testimony of a number of witnesses. You are the sole judge of the credibility or "believability" of each witness and the weight to be given to his or her testimony.

In considering the weight and value of the testimony of any witness, you may take into consideration the appearance, attitude, and behavior of the witness; the interest of the witness in the outcome of the case, if any; the relation of the witness to any party in the suit; the inclination of the witness to speak truthfully or not; the probability or improbability of the witness's statements; and all other facts and circumstances in evidence. Thus, you may give the

testimony of any witness just such weight and value as you believe the testimony of the witness is entitled to receive.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider, therefore, whether the witness's testimony reflects an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

Also, in deciding what testimony to believe, consider any motives they may have for testifying a certain way, their manner while testifying, whether a witness said something different at an earlier time, the general reasonableness of their testimony, and the extent to which their testimony is consistent with other evidence that you believe.

If you find that any witness has willfully testified falsely as to any material fact (that is, as to an important matter), the law permits you to disregard completely the entire testimony of that witness upon the principle that one who testifies falsely about one material fact is likely to testify falsely about everything. You are not required, however, to consider such a witness as totally unworthy of belief. You may accept so much of the witness's testimony as you deem true and disregard what you feel is false. As the sole judges of the facts, you must decide which of the witnesses you will believe, what portion of their testimony you accept, and what weight you will give to it.

## Impeachment by Prior Inconsistent Statements

If you find that a witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe. In making this determination, you may consider whether there was, in fact, any

7

inconsistency; whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appeals to your common sense. It is your duty, based upon all the evidence and your own good judgment, to decide how much weight to give to the inconsistency.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## SUBSTANTIVE LAW[4]

I will now instruct you on the substantive law to be applied to this case.

In this case, the Plaintiff has brought two separate and distinct claims that his rights secured to him by the Constitution were violated: (1) false arrest and (2) the denial of the right to a fair trial. I will now discuss each of those claims in more detail.

### The Statute, Its Function, and Elements of Claim for Relief

In order to find for the Plaintiff on his claims under 42 U.S.C. §1983, the Plaintiff must prove by a preponderance of the evidence that:[5]

1)   The Defendant's conduct deprived the Plaintiff of a right protected by the Constitution of the United States; and

---

[4] The Defendant maintains the defense of qualified immunity in this action and reserves his right to propose special interrogatories.

[5] The Defendant concedes that he was acting under color of state law, the third element of a § 1983 claim.

2)      The Defendant's conduct was a proximate cause of the injuries and damages sustained by the Plaintiff.

I will explain these elements to you.

## 1.      First Element:  Deprivation of Constitutional Right

First, the Plaintiff must show that he was intentionally or recklessly deprived of a constitutional right by the Defendant.  Specifically, the Plaintiff must show, by a preponderance of the evidence, that (a) the Defendant committed the act as alleged by the Plaintiff; (b) the alleged act caused the Plaintiff to suffer the loss of a constitutional right; and (c) in performing the act alleged, the Defendant acted intentionally or recklessly.

### a.      *Commission of Alleged Acts*

The first thing for you to determine is whether the Defendant committed the acts as alleged by the Plaintiff.  If you find that the Plaintiff has failed to prove by a preponderance of the evidence that the Defendant committed the acts as alleged by the Plaintiff, you must find in favor of the Defendant.

### b.      *Loss of a Constitutional Right*

If you determine that the Defendant committed the act as alleged by the Plaintiff, you must next determine whether that act caused the Plaintiff to suffer the loss of a constitutional right.

### c.      *Intent*

With regard to intent, it is not necessary to find that the Defendant had any specific intent to deprive the Plaintiff of his constitutional rights in order to find in favor of the Plaintiff. The Plaintiff need only prove that the Defendant intended the actions which resulted in the violations of the Plaintiff's rights, or that he acted recklessly in that regard.   An act is

intentional if the actor knows he or she is doing it, that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. An act is reckless if it is done in conscious disregard of its known probable consequences.

In determining whether the Defendant acted with the requisite knowledge or recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

I will now turn to each of these claims.

## FALSE ARREST

The Plaintiff alleges that he was falsely arrested and imprisoned by the Defendant Jackson. The Defendant disputes the Plaintiff's version of events and contends that his actions were justified, reasonable under the circumstances, and in accordance with existing law. Therefore, you must determine whose version of events you believe.

Probable cause to arrest exists when a police officer has knowledge or reasonably trustworthy information sufficient to convince a person of reasonable caution to believe that a crime has been committed by the person to be arrested. Probable cause does not require an actual showing of criminal activity, only the objectively reasonable probability of criminal activity at the moment of the arrest. Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information. In other words, the Plaintiff's actual guilt or innocence is irrelevant to the determination of probable cause. For the purposes of the Plaintiff's false arrest claim, defendant Jackson bears the burden of proving that there was probable cause to arrest the Plaintiff.

Probable cause is measured by determining the knowledge of the officer as of the time of the arrest.  To determine whether there is probable cause you must examine the totality of the circumstances.  Probable cause can exist even if it is based on mistaken information, so long as the arresting officer was reasonable in relying on that information.  To determine whether there was probable cause to arrest the Plaintiff, you should only consider those facts that were actually available to the Defendant, or could have been perceived by him, at the moment he arrested Plaintiff.  Probable cause is an objective standard, meaning that the subjective state of mind of the Plaintiff and the Defendant is irrelevant.  In addition, it is not necessary to show that there was probable cause for each possible offense that an arrestee committed or was committing.  The officer need only have probable cause to believe that the arrestee was committing or had committed any offense.  You do not need to be unanimous on which offense you find probable cause for.  You only need to be unanimous that probable cause existed for any offense.

Defendant Jackson contends that there was probable cause to arrest the Plaintiff for the following offenses: (1) criminal possession of a controlled substance in the Third degree; (2) criminal possession of a controlled substance in the Fourth degree; (3) criminal possession of a controlled substance in the Fifth degree; (4) criminal use of drug paraphernalia in the Second degree; (4) criminal possession of marijuana in the Fourth degree; (5) criminal possession of a controlled substance in the Seventh degree; and (6) criminal possession of marijuana in the Fifth degree.  I will now explain each of these charges to you.

Criminal possession of a controlled substance in the Third Degree:  A person is guilty of criminal possession of a controlled substance in the Third Degree when he knowingly

- 11 -

and unlawfully possesses, among other things, a narcotic drug such as a stimulant, hallucinogen, hallucinogenic substance with intent to sell it.

        Criminal possession of a controlled substance in the Fourth Degree:  A person is guilty of criminal possession of a controlled substance in the Fourth Degree when he knowingly and  unlawfully possesses, among other things, a hallucinogen, and the hallucinogen weighs twenty-five milligrams or more; or a hallucinogenic substance, and the hallucinogenic substance weighs one gram or more; or phencyclidine, and the phencyclidine weighs two hundred fifty milligrams or more; or phencyclidine, and the phencyclidine weighs fifty milligrams or more [and the person possessed it] with intent to sell it and has previously been convicted of an offense "defined in this article" or the attempt or conspiracy to commit any such offense.

        Criminal possession of a controlled substance in the Fifth degree:  A person is guilty of criminal possession of a controlled substance in the Fifth Degree when he knowingly and unlawfully possesses, among other things, a controlled substance with intent to sell it or possesses cocaine and said cocaine weighs five hundred milligrams or more.

        Criminal use of drug paraphernalia in the Second Degree:  A person is guilty of criminally using drug paraphernalia in the Second Degree when he knowingly possesses or sells, among other things, gelatin capsules, glassine envelopes, vials, capsules or any other material suitable for the packaging of individual quantities of narcotic drugs or stimulants under circumstances evincing an intent to use, or under circumstances evincing knowledge that some person intends to use, the same for the purpose of unlawfully manufacturing, packaging or dispensing of any narcotic drug or stimulant.

        Criminal possession of marijuana in the Fourth degree:  A person is guilty of criminal possession of marijuana in the Fourth degree when he knowingly and unlawfully

possesses one or more preparations, compounds, mixtures or substances containing marijuana and the preparations, compounds, mixtures or substances are of an aggregate weight of more than two ounces.

Criminal possession of a controlled substance in the Seventh degree:  A person is guilty of criminal possession of a controlled substance in the Seventh degree when he or she knowingly and unlawfully possesses a controlled substance; provided, however, that it shall not be a violation of this section when a person possesses a residual amount of a controlled substance and that residual amount is in or on a syringe.

Criminal possession of marijuana in the Fifth degree:  A person is guilty of criminal possession of marijuana in the Fifth degree when he knowingly and unlawfully possesses one or more preparations, compounds, mixtures or substances containing marijuana and the preparations, compounds, mixtures or substances are of an aggregate weight of more than twenty-five grams.

In order to "possess" drugs or paraphernalia, an individual need not have actual possession of them.  Under New York law, a person can also be in "possession" of drugs or other paraphernalia if he or she has what is known as "constructive possession" over those items.  A person constructively possesses tangible property when he or she exercises "dominion and control" over the area in which the contraband is found.  The doctrine of constructive possession affords the police probable cause to arrest *anyone* in a dwelling when it reasonably appears that all members of the dwelling exercised dominion and control over the area in which the contraband is found.  To be clear, dominion and control need not be over the drugs themselves, but merely be over the *area* the drugs were found in.  In assessing whether someone exercises dominion and control, you should consider whether the individual resides at the location.

The existence of probable cause is measured as of the moment of the arrest. The ultimate disposition of the criminal charges is irrelevant. Probable cause does not require an officer to be certain that subsequent prosecution of the arrestee will be successful, or even that such a prosecution will occur. All probable cause requires is a reasonable, good-faith belief that a crime has been or is being committed. Once an officer possesses sufficient facts to establish probable cause, he or she is neither required nor allowed to sit as a prosecutor, judge or jury. The officer's function is to apprehend those suspected of wrongdoing and not to finally determine guilt through a weighing of the evidence. Thus, the issue is whether there is probable cause to arrest the Plaintiff, not whether the Plaintiff was in fact charged with or guilty of any offense. If you find that Defendant Jackson had probable cause to believe that the Plaintiff violated *any* of these sections of the Penal Law, then you must find for the Defendant on the claim of false arrest. If you find that the Defendant lacked probable cause for all of these sections of the Penal Law, then you must find for the Plaintiff on the claim of false arrest.

## DENIAL OF A RIGHT TO A FAIR TRIAL[6]

The Plaintiff's second claim alleges that he was denied the right to a fair trial by defendant Jackson when he fabricated the evidence against him.

Under the Constitution, every person has the right to a fair trial. To prove a violation of this right, a plaintiff must prove, by a preponderance of the evidence, each of the following elements: (1) defendant fabricated evidence, (2) the evidence was likely to influence a jury's verdict; (3) defendant forwarded the evidence to the prosecutor and/or the grand jury, (4) plaintiff suffered a deprivation of liberty as a result, and (5) the underlying criminal proceeding

---

[6] This instruction has been adapted from the Jury Instructions given by the Hon. Carol Bagley Amon in Smalls v. Police Officer Collins, *et al.*, 14 CV 2326 (CBA) (E.D.N.Y. – delivered on May 20, 2019).

ended in a manner that affirmatively indicates plaintiff's innocence.[7]  If you find that the Plaintiff has failed to prove any of these elements, then you must find in favor of the Defendant.

Evidence is fabricated if it is false.  A document is false if it is untrue when made and was known to be untrue when made by the person making it or causing it to be made. Fabricated evidence includes an officer's false account of his own observations of alleged criminal activity which led to an arrest.  Paperwork errors, or a mere mistake or mistakes, by a police officer in making a written record is not a basis for finding a constitutional violation. Similarly, an officer's opinions, conclusions, or qualitative assessments are not a basis for finding a constitutional violation.

The manufacture of false evidence in and of itself does not impair anyone's liberty.  In order to find for the Plaintiff, you must find that the alleged fabrication was both material (i.e. likely to influence a jury's decision), and the proximate cause of the injury to the Plaintiff's liberty interest (i.e., that he suffered a deprivation of liberty as a result of the alleged fabrication of evidence).  In the context of a fair trial claim, a person may suffer a liberty deprivation when he faces trial, is convicted, or is imprisoned.

## QUALIFIED IMMUNITY

The Defendant asserts that the defense of qualified immunity is one for the Court to decide, not the jury.[8]  The Defendant reserves his right to provide Proposed Special Interrogatories for the Court's consideration, so that the jury might resolve disputed issues of fact

---

[7] This element was not included in the Smalls Jury Instructions because those were read prior to the Supreme Court's decision in McDonough v. Smith, 139 S. Ct. 2149 (2019).  In light of McDonough and Lanning v. City of Glenn Falls, 908 F.3d 19, 22 (2d Cir. 2018), the jury should now be charged as to this element.

[8] Zellner v. Summerlin, 494 F.3d 344 (2d Cir. 2007); Stephenson v. John Doe, 332 F.3d 68 (2d Cir. 2003).

to aid the Court in deciding whether the Defendant is entitled to qualified immunity[9] as a matter of law.

## DAMAGES

### CAUTIONARY INSTRUCTIONS

I have a few cautionary instructions to give you before I discuss damages. First, even though I am going to instruct you on damages, it does not mean I have any opinion on whether or not the Defendant should be held liable. Second, with respect to the Plaintiff's claims, you may only award him damages if he has proven liability according to the standards I have just set forth.

Damages must be based on evidence, not on speculation or sympathy, and you may only award damages for those injuries that the Plaintiff actually suffered as a result of the Defendant's conduct. You cannot award the Plaintiff damages for injuries he may have suffered at the hands of others. The damages that you award must be fair compensation, no more and no less. It is the Plaintiff who bears the burden of proving his damages by a preponderance of the credible evidence.

---

[9] See, e.g., Saucier v. Katz, 533 U.S. 194, 199 (2001); Crawford-El v. Britton, 523 U.S. 574 (1998); Mitchell v. Forsyth, 472 U.S. 511 (1985).

## COMPENSATORY DAMAGES

You may award compensatory damages only for injuries that the Plaintiff proved by a preponderance of the credible evidence were caused by the Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation, no more and no less. You may not award compensatory damages for speculative injuries, but only for those injuries that the Plaintiff has actually suffered or which he is reasonably likely to suffer in the future.

If you find in favor of the Plaintiff, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he has proven he actually sustained as a direct consequence of the conduct of the Defendant.

You shall award actual damages only for those injuries which you find that the Plaintiff has proven by a preponderance of the evidence. Moreover, you may not simply award actual damages for any injury suffered by the Plaintiff -- you must award actual damages for those injuries that are a direct result of actions by the Defendant if you have found him liable to the Plaintiff. You must distinguish between the existence of a violation of a plaintiff's rights and the existence of injuries naturally and proximately resulting from that violation. Thus, even if you find that the Defendant deprived the Plaintiff of a right, you must ask whether the Plaintiff has proven by a preponderance of the evidence that the deprivation actually and proximately caused each of the damages that he is claiming to have suffered.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the

law does not require that the Plaintiff prove the amount of her "damages/losses" with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. Your award must be fair and just. It should be neither excessive nor inadequate, but should be reasonable.

## NOMINAL DAMAGES[10]

If you return a verdict for the Plaintiff on any of his claims, but then find that he failed to prove by a preponderance of the credible evidence that he suffered any actual damages, then you may return an award of damages in some nominal or token amount not to exceed the sum of one dollar. This is called nominal damages.

Nominal damages are awarded when a plaintiff has been deprived of a constitutional right by a defendant, but has proved no compensatory damages as a natural consequence of that deprivation. The mere fact that a constitutional deprivation occurred is an injury to the person entitled to be free from such action, even when no actual damages flow from the deprivation. Therefore, if you find that the Plaintiff did not prove injuries as a result of the Defendant's conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

## ATTORNEYS' FEES

Federal law provides for an award of attorneys' fees to a plaintiff when he or she prevails in a civil rights action.[11] The award of attorneys' fees is a matter to be determined by the

---

[10] The Defendant contends that punitive damages are inappropriate in this case and as such has not submitted a proposed charge on that subject. Should the Court ultimately decide to instruct the jury on punitive damages, the Defendant reserves the right to submit a proposed instruction to that effect.

[11] 42 U.S.C. § 1988(b).

Court.[12]   Accordingly, if you award any damages to the Plaintiff, including nominal damages, you should not take into consideration the fees that the Plaintiff may have to pay his attorney.

## CONCLUDING INSTRUCTIONS

### Foreperson; Right to Review Evidence; Communications with the Court

You will shortly retire to the jury room to begin your deliberations.  As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law.  I will shortly send you a verdict form on which to record your verdict.  Once the verdict form has been completed, you must give it to the foreperson to sign and date.  [If you want to see any of the exhibits, please send me a note requesting the exhibits you'd like to review.]

If you want any of the testimony, that can also be provided, either in transcript or read-back form.  But, please remember that it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the marshal, who will be available outside the jury room throughout your deliberations.  After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

### Verdict; Need for Unanimity; Duty to Consult

You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form.

---

[12] Id.

Each of you must decide the case for yourself, after consideration, with your fellow jurors, of the evidence in the case, and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, each should exchange views with his or her fellow jurors. That is the very purpose of jury deliberation: to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change or modify an earlier opinion that, after discussion with your fellow jurors, no longer persuades you.

In short, the verdict must reflect each juror's conscientious determination and it must also be unanimous.

Dated: New York, New York
      October 21, 2019

                  GEORGIA M. PESTANA
                  Acting Corporation Counsel of the
                    City of New York
                  Attorney for Defendant Essence Jackson
                  100 Church Street
                  New York, New York 10007
                  (212) 156-2671

                  By: _____
                    Joanne M. Mclaren
                    Joshua Lax
                    Senior Counsels