# LUMER LAW GROUP

Attorneys At Law

305 BROADWAY
SUITE 1400
NEW YORK, NEW YORK 10007

WWW.LUMERLAW.COM

(212) 566-5060

October 29, 2019

**By ECF**

Hon. Margo K. Brodie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 10007

      Re:    Haskins v. Jackson,
               15 CV 2016 (MKB) (RML)

Dear Judge Brodie:

      We represent plaintiff and write with respect to the Court's proposed nominal damages charge. Plaintiff has two objections to this charge. The first is with the Court's express direction to the jury that it should limit its award to nominal damages, even if it finds defendant is liable for causing plaintiff to suffers a loss of liberty. The second is with giving the charge in any fashion.

### Nominal Damages Inappropriate Where Loss of Liberty Established

      The Court's proposed charge states, in relevant part, "You should award nominal damages if you conclude that the only injury that plaintiff suffered was the deprivation of his rights, without any physical, emotional, or financial damage." (Proposed Charge at 20). As the Court is aware, plaintiff has not presented any evidence of physical or financial loss, and there is little evidence of emotional injury. Rather, in keeping with the Court's prior ruling on the parties' in limine motions, the plaintiff limited his damages evidence to his loss of liberty, which was about five full days. The Court's explicit instruction, however, is that this injury, which is outside the ambit of those injuries the Court has identified as requiring compensation, if found by the jury, "should" result in an award of no more than one dollar, or a comparable award of nominal damages. Putting aside that this language is inconsistent with the Court's prior charge that a loss of liberty is a compensable event, this instruction is fundamentally improper.

**LUMER LAW GROUP**

Hon. Margo K. Brodie
October 29, 2019
Page -2-

As the Second Circuit has held, "where the plaintiff was indisputably deprived of his liberty, and the conduct of the defendant responsible for the deprivation was found to be unlawful, we have held that the plaintiff is entitled to compensatory, not merely nominal, damages. *Kerman v. City of New York*, 374 F.3d 93, 124 (2d Cir. 2004) (citations omitted).

As the Court further held,

> The damages recoverable for loss of liberty for the period spent in a wrongful confinement are separable from damages recoverable for such injuries as physical harm, embarrassment, or emotional suffering; even absent such other injuries, an award of several thousand dollars may be appropriate simply for several hours' loss of liberty. In Woodard, for example, the Appellate Division held that a plaintiff who provided "no indication that he incurred any substantial physical or mental injury as the result of [his] false imprisonment" could recover $7,500 for false arrest and false imprisonment. . . .Similarly, in Hallenbeck, where the plaintiff had provided "no indication that he incurred any substantial physical or mental suffering," the Appellate Division ruled that he could recover $10,000 for false arrest and confinement. Thus, a verdict that a plaintiff should not receive more than nominal damages for physical injury, economic loss, or mental suffering does not foreclose a more substantial award for his loss of liberty.

Id. at 125-126 (internal citations omitted).

Thus, as another court recently held, Kerman stands for the rule that a finding of loss of liberty compels an award of compensatory damages. *Randolph v. Metro. Transportation Auth.*, 2019 WL 1567663, at *8 (S.D.N.Y. Apr. 11, 2019) ("Any charge on compensatory damages, however, must inform the jury that the plaintiff is 'entitled to recover for the loss of intangible rights.'" (quoting *Kerman*, 374 F.3d at 125)); *Wright v. Musanti*, 2017 WL 253486, at *12 (S.D.N.Y. Jan. 20, 2017), aff'd, 887 F.3d 577 (2d Cir. 2018) (Citing *Kerman* for the principle that t"an award of several thousand dollars may be appropriate simply for several hours' loss of liberty.")

The point being that if the jury finds that Essence Jackson is liable for causing plaintiff to suffer a loss of liberty, an award of compensatory damages is necessary and appropriate. The Court's instruction that the absence of evidence of physical, financial, or emotional injury requires an award of nominal damages would be contrary to established law.

**LUMER LAW GROUP**

Hon. Margo K. Brodie
October 29, 2019
Page -3-

## No Nominal Charge Should Be Given

Nominal damages would be appropriate if, and only if, the jury could reasonable conclude that Essence Jackson was liable under one or both causes of action, and thus violated plaintiff's constitutional rights, but plaintiff suffered no injury, including no loss of liberty as a result. Such a finding would be inconsistent with the evidence presented, where plaintiff was undisputedly jailed for at least part of February 14, and then further imprisoned until February 19, 2015. Under the facts presented at trial, there is no rational basis by which the jury could conclude that plaintiff did not suffer a loss of liberty as a result of Jackson's conduct.

## Proposed Resolution

The preferred outcome would be to simply forego the nominal charge altogether, given the facts of this case. Should the Court be unwilling to withdraw this charge, the sentence in question should be amended to insert the bolded text as follows: "You should award nominal damages if you conclude that the only injury that plaintiff suffered was the deprivation of his rights, without any **loss of liberty**, or physical, emotional, or financial damage."

Thank you for your kind consideration.

Respectfully submitted,

Michael Lumer

cc:   All counsel of record (By ECF)