

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Joanne M. McLaren**
*Senior Counsel*
Phone: (212) 356-2671
Fax: (212) 356-3509
jmclaren@law.nyc.gov

November 27, 2019

**VIA ECF**
Honorable Margo K. Brodie
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    Terrel Haskins v. Detective Essence Jackson
                 15-CV-02016 (MKB) (RML)

Your Honor:

        I am a Senior Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, and one of the attorneys representing defendant Detective Essence Jackson in the above-referenced civil action. Defendant now writes to request that the Court: vacate the entry of Judgment, without prejudice to re-enter at a later time, in order to permit Defendant additional time to prepare and submit his post-trial motion; or, in the alternative, accept this submission, along with a Notion of Motion, and permit Defendant to submit supplemental briefing pursuant to Fed. R. Civ. P. 50 and 59 in accordance with the schedule proposed herein. Specifically, Defendant seeks to move for judgment notwithstanding the verdict on the grounds that: 1) he is entitled to the defense of qualified immunity on the false arrest claim; (2) there is no legally sufficient basis on which the jury could have found in favor of Plaintiff on his denial of a right to fair trial claim; and (3) the Court should order a new trial because the admission of impermissible hearsay evidence, to the effect that Dale Anderson ("Anderson") stated to Detective Jackson and Detective Kibel that the drugs belonged to him, caused a seriously erroneous result and a miscarriage of justice.

        Trial of this matter commenced on October 28, 2019. On October 30, 2019, the jury returned a General Verdict, see Docket Entry No. 68, and answered special interrogatories. Judgment was entered on October 31, 2019. See Docket Entry No. 71. The Court directed the parties to work together to propose a briefing schedule for the post-trial motions pursuant to Fed. R. Civ. P. 50 and 59. Last week, after receiving the trial transcript, Defendant conferred with Plaintiff and requested that he consent to allow Defendant to file his moving brief by January 3,

2020. Although Plaintiff initially consented, on November 25, 2019, Plaintiff informed Defendant that, in light of his review of Fed. R. Civ. P. 6(b)2, he would no longer agree to the schedule as proposed. Notwithstanding, and for the reasons set forth below, this Court has discretion to either vacate the October 31, 2019 judgment to allow for additional time for Defendant to brief any post-trial motions or, in the alternative, extend the time for Defendant to supplement this briefing. Neither approach contravenes the Federal Rules of Civil Procedure.

### A. The Court Has Discretion to Vacate the October 31, 2019 Judgment

Defendant's time to file an appeal (30 days) or motion for relief pursuant to Fed. R. Civ. P. 50 or 59 (28 days) starts to run when judgment is entered. According to Fed. R. Civ. P. 6(b)2, "[a] court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)." The Court of Appeals for the Second Circuit has stated that a non-moving party can waive an objection to untimeliness under Rule 6 notwithstanding the mandatory language of the rule. See Legg v. Ulster Cty., 820 F.3d 67 (2d Cir. 2016); Amaker v. Annucci, 721 Fed. Appx. 82, 83 (2d Cir. 2018) ("While Fed. R. Civ. P. 6(b) prohibits district courts from granting extensions for reconsideration motions, the rule is non-jurisdictional and may be waived.").

This Court has authority to vacate the entry of Judgment pursuant to Fed. R. Civ. P. 60(b)(6). ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for … any other reason that justifies relief."). Defendant respectfully submits that the fact that the defense of qualified immunity on Plaintiff's false arrest claim has not yet been adjudicated renders the entry of Judgment premature in this case, and justifies the relief sought, as provided by Fed. R. Civ. P. 60(b)(6).

Pursuant to Fed. R. Civ. P. 58, "[s]ubject to Rule 54(b) and unless the court orders otherwise, the clerk must, without awaiting the court's direction, promptly prepare, sign, and enter the judgment when: the jury returns a general verdict." Fed. R. Civ. P. 58(a). Under Fed. R. Civ. P. 54(b), in a case involving multiple parties or claims:

> [T]he court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

In this case, when Judgment was entered, the Court had not yet decided the legal question of qualified immunity. Faced with this circumstance, where qualified immunity has yet to be resolved but a plaintiff's verdict has been returned, courts have frequently deferred entry of Judgment. See e.g., Larry Jackson v. Tellado, et al., 11-CV-3028 (PKC) (Post-trial Scheduling Order dated February 4, 2016, entered on the civil docket, ("SCHEDULING ORDER: In light of Federal Rule of Civil Procedure 58(b)(2) and the potential impact of a decision on qualified

2

immunity on Defendants' Rule 50/59 motions, … [t]he parties are directed to submit a proposed briefing schedule by 2/8/16 solely with respect to the issue of qualified immunity. Only after the Court has decided that issue will judgment be entered, after which Defendants shall have 28 days in which to file their proposed motion under Rule 50, or alternatively, for a new trial under Rule 59.")); Collado v. City of New York, et al., 11-CV-9041 (DC) (Docket Entry No. 155) (Order issued over plaintiff's objection) ("ORDER: IT IS HEREBY ORDERED that final judgment shall not be entered on the verdict in this matter until the Court has ruled on defendant's post-trial motions. The Court contemplates one wave of defense motions, with the parties addressing any and all issues relevant to defendant's motion for judgment as a matter of law as to liability, damages, and qualified immunity, and any motion for a new trial... SO ORDERED…(Signed by Judge Denny Chin, Sitting by Designation on 11/21/2018)"); Matthew Jones v. Police Officer Muniz, et al., 16-CV-8080 (JGK) (KNF) (Docket Entry No. 93) (Order issued over plaintiff's objection) ("ORDER: The Court has reviewed the parties' letters of May 24 and 25, 2018. The Clerk is directed to defer the entry of judgment as to all defendants until the Court has resolved the matter of qualified immunity with respect to defendant Treubig. …SO ORDERED… (Signed by Judge John G. Koeltl on 5/25/2018)").

### B. Defendant is Entitled to a New Trial and/or Judgment Notwithstanding the Verdict and the Court has Discretion to Grant Defendant Additional Time to File Supplemental Briefing in Support of these Motions.

Where a party provides notice of the substance of his motion, in advance of the expiration of the 28 days as set forth under the rules, his application should be treated as a motion under Rule 59. See Meriwether v. Coughlin, 879 F.2d 1037, 1042 (2d Cir. 1989) (holding oral application was sufficient to deem motion timely filed). Defendant submits that if an oral application of the same substance and specificity as Defendant's timely written application would constitute a motion capable of being supplemented beyond the time constraints of Rule 59, Defendant's application should be deemed sufficient as well.

#### 1. Defendant is Entitled to Judgment Notwithstanding the Verdict on the False Arrest Claim

Defendant moved for summary judgment on the ground that he had probable cause, or at least arguable probable cause, to arrest Plaintiff for constructive possession of the contraband found in the closet near the living room where Plaintiff was sleeping on the morning of his arrest. The Court found that issues of fact precluded summary judgment. Proof at trial, and the jury's finding that Detective Jackson believed, albeit mistakenly, that Plaintiff resided at 2940 West 31st Street, Apartment 7G, now require that Detective Jackson be granted judgment as a matter of law on the grounds that he is entitled to qualified immunity on the false arrest claim. Alternatively, the fact that application of the law of constructive possession was not clearly established at the time of the arrest compels the same conclusion.

Under New York law, a person "constructively possesses tangible property when he or she exercises 'dominion and control' over the property with a sufficient level of control over the area in which the contraband is found." Davis v. City of New York, No. 04-CV-3299, 2007 U.S. Dist. LEXIS 10555, at *17 (E.D.N.Y. Feb. 15, 2007). The doctrine of constructive possession affords the police probable cause to arrest anyone in a dwelling when it "reasonably

3

appears that all members of the dwelling exercised dominion and control over the area in which the contraband is found." Takacs v. City of New York, 09 Civ. 481, 2011 U.S. Dist. LEXIS 7055, at *8 (S.D.N.Y. Jan. 24, 2011). Dominion and control need not be over drugs themselves, but merely be "over the area the drugs were found in." Chalmers v. Mitchell, 73 F.3d 1262, 1272 (2d Cir. 1996) (emphasis in original). One reasonably believed to live in a residence has arguable constructive possession over material found in a closed drawer. See Roberts v. City of New York, 16 Civ. 5409 (BMC), 2017 U.S. Dist. LEXIS 160979, at *4, 21-22 (Sept. 29, 2017), aff'd sub nom. Roberts v. Azize, 767 Fed. Appx. 196 (2d Cir. 2019) (arguable probable cause to arrest individuals reasonably believed to live in a residence, where gun was found in drawer in bedroom of residence, although officer did not remember whether the drawer was closed or open, or whether the gun was covered or concealed within the drawer).

Here, according to this authority, Detective Jackson clearly had at least arguable probable cause to arrest Plaintiff. First, he reasonably believed, even if mistakenly, that Plaintiff lived in the apartment, and thus was entitled to conclude that Plaintiff had dominion and control over the living room closet. Indeed, the jury arrived at the very same conclusion in its response to the parties' Special Interrogatories. Second, there is no dispute that Sergeant Strong believed that Plaintiff used the closet as his own, and thus had dominion or control over the closet. Pursuant to the fellow officer rule, Detective Jackson was imbued with this knowledge which provides further grounds for the arrest. Finally, the fact that Sergeant Strong and Detective Kibel also agreed that there was probable cause to arrest Plaintiff precludes a finding that no reasonable officer could believe that probable cause existed, thus requiring that Detective Jackson be awarded qualified immunity.

That the law of constructive possession was not clear at the time of Plaintiff's arrest provides an additional reason to grant Defendant qualified immunity. See Roberts, 2017 U.S. Dist. LEXIS 160979, at *20-21 (Sept. 29, 2017), aff'd sub nom. Roberts v. Azize, 767 Fed. Appx. 196 (2d Cir. 2019) (observing that the standard for determining constructive possession "requires police officers to consider several factors and make a judgment call, and courts that have reviewed those judgment calls have come out in divergent ways."; finding law of constructive possession "not well-settled").

### 2. Defendant is Entitled to Judgment Notwithstanding the Verdict on the Denial of a Right to a Fair Trial Claim

As a threshold matter, to prevail on a denial of right to fair trial claim, Plaintiff must specifically identify what evidence was fabricated. See Waddlington v. City of New York, No. 10-CV-5010 (SLT) (RLM), 2013 U.S. Dist. LEXIS 136791 at *28 (E.D.N.Y. Apr. 23, 2013) (dismissing a denial of fair trial claim because the "plaintiff at no point alleges with specificity what false information … [was] created or forwarded to the D.A.'s Office."). Plaintiff here struggled to identify what he believed was fabricated. Eventually, Plaintiff appeared to articulate the following: That Detective Jackson lied when he said that: 1) he saw Plaintiff and Anderson lying on couches in the living room, rather than stating that he saw two men whom he was later told were Plaintiff and Anderson lying on couches in the living room; 2) the living room closet "opened on to" the living room, rather than on to the hallway; 3) the closet door was closed; and 4) the drugs were found in Tupperware containers. Further, Plaintiff argued that Detective

4

Jackson made a material omission by not informing the District Attorney that Anderson "took responsibility" for the drugs, an inadmissible statement which none of the three officers who testified heard. These statements are all either not false, or not material, and the alleged omission is not material, requiring that Detective Jackson be granted judgment as a matter of law.

### 3. Defendant is Entitled to a New Trial on the Ground that Admission of Inadmissible Hearsay Testimony was Reversible Error

Defendant will move pursuant to Fed. R. Civ. P. 59 on the ground that the testimony about Anderson's alleged statement that the contraband found was his was inadmissible hearsay, the admission of which was reversible error. This evidence was admitted, ostensibly not for its truth, but rather for impeachment of Detective Jackson, who testified that he did not hear Anderson make any such statement. However, since the law is clear, and Your Honor acknowledged, that more than one person could have been in possession of the drugs in the apartment, even if Anderson had made the alleged statement to Detective Jackson, there still could have been (and indeed was) probable cause to arrest Plaintiff. Permitting Plaintiff to present Anderson's alleged statement to the jury, under the guise that the jury was to consider it only with respect to the credibility of Detective Jackson, gave the jury the misimpression that because Anderson admitted that the drugs were his necessarily meant that Detective Jackson did not have probable cause to arrest Plaintiff for the same drugs. This is contrary to the law, and was unquestionably more prejudicial to Defendant than probative.

### 4. There was no Basis for an Award of Punitive Damages

Finally, Defendant will seek to vacate any punitive damages awards, should the Court not grant his motion for judgment as a matter of law or for a new trial and should any punitive damages award remain. Defendant's motion is based on the fact that Defendant's conduct in arresting Plaintiff and providing reasonable information for the preparation of the criminal court complaint does not meet the standard of conduct for which any punishment is required, and thus a punitive damages award is unwarranted.

Defendant, therefore, respectfully requests that the Court vacate the entry of Judgment, without prejudice, with leave to re-enter upon resolution of Defendant's post-trial motions, relief which is permitted by Fed. R. Civ P. 60(b)(6). In addition, Defendant respectfully requests that the Court endorse the following proposed briefing schedule to which Defendant understood that Plaintiff had consented:

1. Defendant's Motion Due:  January 3, 2020
2. Plaintiff's Opposition Due:  January 31, 2020
3. Defendant's Reply Due:  February 21, 2020

In the alternative, Defendant respectfully requests that this Court accept a Notion of Motion and this letter motion as Defendant's timely post-trial motion, and permit Defendant to submit supplementary briefing pursuant to the schedule set forth above.

Defendant thanks the Court for its consideration.

Respectfully submitted,

Joanne M. McLaren
*Senior Counsel*

CC: VIA ECF
All counsel of record